### JOHN J. CONE v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted March 28, 1898—Decided June 13, 1898.

A passenger upon a railroad train who has been illegally arrested by the agents of the company for riding beyond the station to which he has paid his fare—the train upon which he was traveling not having stopped at that station—is entitled to compensation from the company for such physical injuries as he may have sustained, and for the injury to his feelings resulting from the indignity to which he has been subjected, but he is not entitled to recover punitive damages.

---

On rule to show cause.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the rule, *George Holmes.*

*Contra, Allan L. McDermott.*

The opinion of the court was delivered by

GUMMERE, J. Plaintiff, on the 12th day of April, 1897, purchased at the Communipaw avenue station of the defend-

ant, in Jersey City, an excursion ticket to Elizabethport, to which place he went, and upon his return boarded a train of the defendant without first ascertaining by inquiry or otherwise if the train would stop at the Communipaw avenue station, where he desired to alight and to which station he held a ticket. The train he boarded was an express train and was not scheduled to stop at any station between Elizabethport and the terminal in Jersey City. He presented his ticket to the conductor on the train, who at the same time informed him that the train did not stop at Communipaw avenue and that he would have to pay an additional eight cents for carriage from the Communipaw avenue station to Jersey City. This the plaintiff refused to do, and upon the arrival of the train in Jersey City there was a further dispute as to whether the plaintiff was obliged to pay the eight cents or not, finally resulting in the plaintiff being arrested by a police officer, at the instance of the conductor, and taken to a police station in Jersey City, where the conductor made a charge against him and he was then paroled until eight o'clock the next morning before the police judge. He duly appeared and the police judge refused to entertain the charge, stating that he did not see that the plaintiff had violated any law. On the trial of the case it was submitted to the jury under a charge that if the defendant was liable they might assess punitive damages against it, if the plaintiff's arrest was the result of malice on the part of either the conductor or the police officer, whereupon the jury returned a verdict of $5,000.

It is claimed by the plaintiff that the police officer used undue violence in making the arrest, but it is not suggested that any substantial injury was sustained by him. A reading of the evidence makes it clear that the largeness of the verdict was due to the instructions of the trial judge on the question of punitive damages. That instruction was erroneous. *Bullock* v. *Delaware, Lackawanna and Western Railroad Co.*, 32 *Vroom* 550. Assuming that the plaintiff's arrest was illegal, his damages should have been limited to a

reasonable compensation for the physical injury sustained by him and for the injury to his feelings resulting from the indignity to which he was subjected. *Allen* v. *Camden Ferry Co.*, 17 *Id.* 199.

The rule to show cause should be made absolute.