JOHN WIEGAND, RESPONDENT, v. MICHAEL MEADE, APPELLANT.

Submitted October 16, 1931—Decided February 19, 1932.

. Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the respondent, *Harry Stout*.

For the appellant, *Francis L. Bergen*.

The opinion of the court was delivered by

CASE, J. On March 30th, 1930, plaintiff was taken into custody by the defendant, a police officer of the borough of High Bridge, and detained at the borough lockup for a period without the lodging of a charge or the issuing of a warrant. The action herein is for false imprisonment. The defense was that the plaintiff had committed a misdemeanor, namely, fighting with another (section 40, "An act for the punishment of crimes," Revision of 1898, 2 *Comp. Stat.*, *p.* 1743) in the presence of the defendant and that defendant therefore had lawful authority to make the arrest. The jury awarded a verdict of $1,000 for the plaintiff. Defendant appeals. We have received no brief on behalf of the respondent.

The judge, in his charge to the jury, made the following statement of law:

"On the other hand, if you should conclude that the contention of the defendant in this case is correct and that the defendant in his province as a police officer arrested this plaintiff for a misdemeanor committed in his presence, he would have a right to make such an arrest if the misdemeanor or crime charged was committed in his presence and he was acting in good faith in making the arrest. Therefore, if you should reach the conclusion that a crime had been committed in the presence of the police officer, to wit, an assault, and that he made the arrest in good faith without a warrant, he would be within his legal rights and no damages would accrue to the plaintiff in this case."

Defendant contends that the implication from this language is that the defendant, to be justified in making the arrest without a warrant, must not only have been present

at the committing of the alleged misdemeanor by the plaintiff but must, in addition, have made the arrest in good faith. We think that the charge may fairly be so understood. The further contention is that the injection of good faith as an esential factor was error. It was said by Mr. Justice Reed in *Mayor, &c., of Newark* v. *Murphy,* 40 *N. J. L.* 145, 149:

"The limits to the power of arrest by a constable, without process, was well defined at common law. The regards for the liberty of the person was so great that the common law did not confer upon a mere conservator of the peace the power to touch the person of the subject, of his own volition, except in those cases where the interests of the public absolutely demanded it. To prevent the escape of a felon, he had authority to arrest anyone whom he reasonably suspected to have been engaged in the perpetration of a felony. To prevent breaches of the peace, he had the right to arrest any person who was engaged in, or in his presence threatened to engage in an affray or other breach of the peace."

To like effect is *Collins* v. *Cody,* 95 *N. J. L.* 65. A borough marshal has all the powers and authority of the several constables of the state in criminal matters. Section 14, General act relating to boroughs (Revision 1897), 1 *Comp. Stat., p.* 226. In the application of that ancient doctrine the offense of fighting, by general classification a breach of the peace and by statutory definition a misdemeanor, comes within those cases for which the right of arrest without warrant depends upon the act being done in the presence of the officer. There was evidence to support defendant's contention that plaintiff had committed that offense in his presence. The essential thing in an action for false imprisonment is the constraint of the person without legal justification. *Hebrew* v. *Pulis,* 73 *N. J. L.* 621. The good or evil intention of the defendant does not excuse or create the tort. 11 *R. C. L.* 792. The defendant had the right to arrest any person who, in his presence, engaged in an affray or other breach of the peace. *Collins* v. *Cody, supra.* The motive of the defendant, although material on the issue of exemplary dam-

ages, is, with some exceptions not here in point, immaterial on the issue of justification. 25 *C. J.* 448. We conclude that the charge of the court was erroneous.

We have also considered the remaining points presented on appellant's brief. We think that under the issues framed in the pleadings and further supplemented by the developments of the trial itself (*Kapherr* v. *Schmidt*, 98 *N. J. L.* 803) there was no reversible error other than that discussed above.

The judgment below will be reversed.