90 N.J. Super. 480 (1966)
218 A.2d 167
EDWARD L. PRICE, PLAINTIFF-RESPONDENT,
v.
JOSEPH W. PHILLIPS AND TOWNSHIP OF HOLMDEL, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1966.
Decided March 21, 1966.
*482 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
*483 Mr. James R. Minogue argued the cause for appellants (Messrs. Pillsbury, Carton & Barnacle, attorneys).
Mr. John C. Givens argued the cause for respondent (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Defendant Phillips was the chief of the two-man police department of defendant township. This litigation stems from his arrest of plaintiff Edward L. Price on the oral complaint of plaintiff's wife.
Late in the morning of August 23, 1961, following what appears to have been a serious altercation with her husband which had begun during the preceding night, Mrs. Price went to the home of a neighbor, Mrs. Young, and called the police. Phillips responded. This was not the first time police had been called to intervene in the Prices' matrimonial problems, although it was a state trooper who had come to the Price home in connection with a similar incident of August 7 or 8, 1961, when, as plaintiff describes it, his wife "hollered" to a neighbor "to call the police. `He's beating me.'" That incident led to a formal complaint and hearing in the municipal court.
On August 23, Phillips did not have the wife make a written complaint and have a warrant issue before he arrested plaintiff. Instead, following what he says he understood were instructions given to him by the municipal magistrate whom he telephoned from the Young house, he told Mrs. Price,
"that  with the children being over there in the house, that she would have to go over there and stay with them while I took Mr. Price up to court, that I would come back and pick her up and have her sign a complaint."
Phillips then went to the Price home, arrested plaintiff and brought him, in handcuffs, to the real estate office which *484 served also as the court clerk's office. After a series of telephone calls between Phillips, his attorney, the chief and the magistrate, Price was released.
Later that day, Mrs. Price swore to a complaint before the clerk of the municipal court in which she charged that her husband, plaintiff herein, did on August 21, 22 and 23,
"commit assault upon the person of Lorraine Price and did threaten to break down a door in the house at the above address. He did further threaten such violence so as to make her afraid to stay in said house."
No arrest was made on this complaint. Summons was served, and at the subsequent municipal court hearing the complaint was dismissed.
Plaintiff instituted the present action to recover damages arising from the arrest without a warrant, which clearly was without legal justification. Wiegand v. Meade, 108 N.J.L. 471 (Sup. Ct. 1932). The complaint charged Phillips and the township, as his principal, with false imprisonment, assault and battery and negligence. In addition, it charged that the township was negligent in its training and supervision of Phillips.
The jury awarded plaintiff compensatory damages of $10,000 against both defendants and punitive damages of $100 against Phillips alone.
On this appeal, defendants do not challenge the trial court's action in directing a verdict as to liability against both defendants for the torts of assault and battery and false imprisonment, sometimes referred to as false arrest. Contrary to the views expressed by the trial court, false arrest and false imprisonment are not separate torts; they are different names for the same tort. Prosser on Torts (3d ed. 1964), § 12, p. 54; Earl v. Winne, 14 N.J. 119 (1953).
Defendants' arguments on appeal are all directed to alleged errors affecting the damage awards.

*485 I.
The trial court ruled properly in denying Phillips' motion for a directed verdict on the issue of punitive damages on the counts charging two intentional torts. That issue, under the evidence, was for the jury.

II.
Defendants contend that the verdict of $10,000 for compensatory damages is excessive, complaining inter alia of plaintiff's allegedly inflammatory summation. We agree that the verdict is excessive. Discussion of our reasons for reaching that conclusion is unnecessary because we are satisfied that in any event a new trial as to compensatory damages is called for by reason of the trial errors hereinafter referred to. However, we note that while the dramatic summation by plaintiff's attorney and his references to English constitutional history, Magna Carta and the Federal and State Constitutions may have been warranted while the issue of punitive damages was still in the case, such comments will be improper on the retrial limited to a determination of the compensatory damages to which plaintiff is entitled.

III.
Since the trial court had already ruled that the circumstances disclosed by the evidence established as a matter of law that plaintiff's damages, whatever they might be, resulted from intentional wrongdoing by defendants  false arrest and assault and battery  it should not have asked the jury to determine whether the same damages were also attributable to defendants' negligence. The issue of negligence should not have been submitted to the jury. "Negligence" and "intentional" are contradictory, 65 C.J.S., Negligence, § 1 (a), p. 315; "negligence excludes design." LoRocco v. New Jersey Mfrs. Ind. Ins. Co., 82 N.J. Super. 323, 329 (App. Div. 1964), certification denied 42 N.J. 144 *486 (1964); "negligence excludes the idea of intentional wrong," 65 C.J.S. Negligence § 3a, p. 331.

IV.
The court erred in refusing to permit cross-examination of plaintiff as to the effect, if any, of his arrest on his reputation in the neighborhood. So, too, it was error to refuse to permit a neighbor, Mrs. Young, to testify as to plaintiff's reputation in the neighborhood. The testimony sought was relevant to the damages allegedly suffered by reason of the false imprisonment which, according to the allegations of the complaint, included damage to plaintiff's reputation, a reputation described in the summation by plaintiff's attorney as an "upstanding position in the community." As to damages in an action for false imprisonment, see Prosser on Torts (3d ed. 1964), § 12, pp. 55-56; cf. Cone v. Central R.R. Co., 62 N.J.L. 99, 100 (Sup Ct. 1898); as to admissibility of evidence of bad reputation in mitigation of damages when injury to reputation is a recoverable element of damages, see Pier v. Speer, 73 N.J.L. 633, 636 (E. & A. 1906); Sayre v. Sayre, 25 N.J.L. 235 (Sup. Ct. 1855); 1 Wigmore, Evidence (3d ed. 1940), § 75, p. 504.
Such evidence was also relevant on the issue of the emotional distress and humiliation which plaintiff alleges he suffered as a result of the arrest. Restatement, Torts, § 905; 35 C.J.S. False Imprisonment § 56e, p. 742; cf. Bean v. Best, 77 S.D. 433, 93 N.W.2d 403 (Sup. Ct. 1958).
Restatement, Torts, § 905 points out that:
"d. Humiliation. A person who has a cause of action for a tort may be entitled to recover as an element of damages for that form of mental distress known as humiliation, that is, a feeling of degradation or inferiority or a feeling that other people will regard one with aversion or dislike. This state of mind may result from a physical harm, an imprisonment, a defamatory statement, * * *.

* * * * * * * *
i. Measure of recovery. The length of time during which pain or other harm to the feelings has been or probably will be experienced and the intensity of the distress are the two factors to be considered in *487 assessing the amount of damages. In determining this, all relevant circumstances are considered, including sex, age, condition in life and any other fact indicating the susceptibility of the injured person to this type of harm. * * *
* * * The extent and duration of emotional distress produced by the tortious conduct depend upon the sensitiveness of the injured person." (Emphasis added)

V.
We deem the written complaint signed by plaintiff's wife later on the day of plaintiff's arrest, repeating the oral complaint which led to the arrest, also relevant on the issue of plaintiff's compensatory damages. Cf. Reuck v. McGregor, 32 N.J.L. 70, 76 (Sup. Ct. 1866).
Defendants argue that the trial court erred in admitting evidence that plaintiff was found not guilty after the trial of the complaint in the municipal court. The legality of the arrest was not in issue; the evidence was not admissible for that purpose. 35 C.J.S. False Imprisonment § 56d, p. 740. However, plaintiff sought punitive damages; it was therefore admissible on the issue of malice. 35 C.J.S. False Imprisonment § 57c, p. 752. But on the retrial as to compensatory damages, such evidence should not be admitted. 35 C.J.S. False Imprisonment § 56d, p. 741.
The judgment for punitive damages of $100 against defendant Phillips is affirmed; the judgment for compensatory damages of $10,000 against both defendants is reversed and remanded for a new trial as to compensatory damages.