NATHAN SCHWARTZ *vs.* IDA VALINSKY (and a companion case).[1] February 7, 1973. These are actions in tort for alienation of affections brought against the mother and sister of the plaintiff's wife. The cases were consolidated for trial. When they were reached for trial and before a jury was impaneled, in the course of a conference between the court and counsel at which the plaintiff set out his proposed opening, the court, on the basis of the declarations, the specifications, and the proposed opening, ruled (in addition to other rulings) that the actions were barred by the statute of limitations. By stipulation it was agreed that it would be unnecessary to go through the procedural step of impaneling the jury and directing it to return verdicts for the defendants. Thereupon, the defendants made, and the judge granted, an oral motion for directed verdicts. The plaintiff's sole contention in this respect in his bill of exceptions, brief, and argument is that the statute of limitations affecting actions of tort is not applicable. The plaintiff's answers to specifications in each case clearly place the alleged causes of action beyond the two-year period provided in G. L. c. 260, § 2A. Either unmindful of or forgetful of the writs brought by him which describe the actions as "tort", the plaintiff argues that these are actions of contract and subject to the six-year limitation of G. L. c. 260, § 2, rather than § 2A. This position is wholly without merit. Interference with the marriage relationship is considered by case and textbook authority as a cause of action in tort. *White* v. *Thomson,* 324 Mass. 140, 142. *Sherry* v. *Moore,* 258 Mass. 420. Restatement: Torts § 683. Prosser, Torts (4th ed.) § 124. The trial judge's ruling that the actions were barred by G. L. c. 260, § 2A, was proper. In view of our decision we need not review other rulings.

*Exceptions overruled in each case.*

*Terence F. Riley* for Nathan Schwartz.

*William A. Schroeder* (*Edmund M. Hurley* with him) for Ida Valinsky & another.