Donald V. TOLMAN, Plaintiff
and Appellant,

v.

K-MART ENTERPRISES OF UTAH,
INC., a Utah Corporation, and Jeff T.
Dong, Defendants and Respondents.

No. 14625.

Supreme Court of Utah.

Feb. 25, 1977.

M. Dayle Jeffs, of Jeffs & Jeffs, Provo, for plaintiff and appellant.

Allen L. Larson, of Worsley, Snow & Christensen, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Donald V. Tolman sued the defendants, K-Mart Enterprises and Jeff T. Dong, its Security Officer, charging that the defendants "falsely arrested . . . and maliciously detained and imprisoned . . ." him in connection with an incident at the K-Mart store in Orem. Defendants answered, relying on the authorization to detain persons suspected of shoplifting provid-

ed for in Sec. 77–13–30, U.C.A.1953; and also moved to dismiss on the ground that this action was not commenced until December 16, 1975, thirteen months after the incident, and is barred by the one year statute of limitations on actions for false imprisonment as provided in Sections 78–12–29(4), U.C.A.1953. The court granted the motion.

On November 16, 1974, plaintiff went in the defendant's store to buy a can of auto body putty. He noticed that the price on the cans had been increased by sticking another tag thereon. He peeled off the higher price tag, went to the checkout stand and paid the lower price. The Security Officer, defendant Jeff Dong, detained and questioned him; then took him to the Orem City jail. An hour and a half later he was released on bail.

At his trial for this offense in the Orem City Court on February 25, 1975, plaintiff was found not guilty.

꞉ Plaintiff's principal attack upon the judgment is that the "false arrest" aspect of his action is distinct from false imprisonment. He urges that the one year limitation just referred to therefore does not apply, but that his action therefore falls into the "catch-all" provision of actions "not otherwise provided for by law" in Section 78–12–25(2) U.C.A.1952.

██ Solution to the problem thus presented is found in looking to the basic nature of the alleged violation of the plaintiff's right. So viewed it will be seen as a claim of wrongful imposition of control over his freedom of movement, and thus comes within the framework of the fundamental tort of false imprisonment,[1] and that false arrest is but a particular circumstance that may be involved therein.[2] The latter is sometimes said to occur when the wrongdoer asserts some special authority to put the victim under control, but that variance in nomenclature does not change the essential nature of the wrong.

Corroborative of the idea that "false arrest" is but an aspect of false imprisonment within the meaning of our limitation statutes is the fact that Sec. 78–12–29(4) U.C.A. 1953 appears to cover the various invasions of personal liberty.[3] It includes false imprisonment, but does not mention "false arrest." It would be quite illogical to suppose that all other invasions of personal liberty were limited to one year by that Section, but that there was a separate, but unmentioned, tort of "false arrest" which should have a four year statute of limitations governed by the "catch-all" Section 78–12–25(2) U.C.A.1953. For these reasons we agree with the analysis made by the trial court in applying the one year statute of limitations.

██ Plaintiff makes the further contention that if it be assumed, as we have just concluded above, that the one year statute is applicable, it did not begin to run until February 25, 1975, when he was acquitted of the charge, thus only ten months before he commenced this action. With that proposition we do not agree. The general rule is that a statute limiting the time in which an action may be brought begins to run when the cause of action arises.[4] In this instance that was the time of the claimed false imprisonment,[5] which occurred as is recited above, on November 16, 1974.

---

1. *Mildon v. Bybee,* 13 Utah 2d 400, 375 P.2d 458 (1962) and authorities cited therein.

2. That the authorities generally affirm that the basic tort is false imprisonment and that false arrest is but a specialized circumstance that may be involved therein, see Prosser on Torts (4th Ed.1971), Section 11, p. 42, 45–46; *Alsup v. Skaggs Drug Centers,* 203 Okl. 525, 223 P.2d 530 (1950); *Price v. Phillips,* 90 N.J.Super. 480, 218 A.2d 167 (1966); *Collins v. City of San Francisco,* 50 Cal.App.3d 671, 123 Cal.Rptr. 525 (1975).

3. Sec. 78–12–29(4), U.C.A.1953, * * * "An action for libel, slander, assault, battery, false imprisonment or seduction."

4. 54 C.J.S. Limitations of Actions § 108.

5. 32 Am.Jur.2d, False Imprisonment, Section 85; 54 C.J.S. Limitations of Actions § 175; *Belflower v. Blackshere,* 281 P.2d 423, 49 A.L. R.2d 917 (Okl.1955).

The criminal charge which was filed and remained pending until February 25, 1975, was merely a collateral proceeding. If the plaintiff had a meritorious cause of action for false imprisonment, it would not have been affected one way or the other if no criminal charge had been filed at all, nor by whatever length of time it may have remained pending. Theoretically at least, such a criminal charge may have remained pending for any length of time, including practically indefinitely. This, under plaintiff's contention, could adversely affect the defendant's rights by keeping them open to suit because of proceedings in which they were not parties and over which they had no control. No further exposition is necessary to demonstrate the unsoundness of such a contention.

Consistent with what has been said herein, it is our conclusion that the trial court correctly granted the defendant's motion to dismiss.

Affirmed. Costs to defendant (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, Justice, concurs in the result.