2000 Utah Ct. App. 171

**Ryan Q. HODGES, Plaintiff and Appellant,**

v.

**Reese S. HOWELL; and Salt Lake Mortgage Corporation, a Utah corporation, Defendants and Appellees.**

No. 990606–CA.

Court of Appeals of Utah.

June 8, 2000.

Barry N. Johnson and Daniel L. Steele, Salt Lake City, for Appellant.

James T. Blanch, Erik Christiansen, and Angie Nelson, Salt Lake City, for Appellees.

Before GREENWOOD, P.J., JACKSON, Associate P.J., and DAVIS, J.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Plaintiff appeals the trial court's grant of summary judgment to Defendant, dismissing Plaintiff's action for alienation of affections.[1]  We reverse.

1.  Plaintiff does not appeal the trial court's grant of summary judgment to Salt Lake Mortgage

## BACKGROUND

¶ 2 When reviewing a grant of summary judgment, we view the facts and all inferences reasonably drawn from those facts in a light most favorable to the nonmoving party, here the Plaintiff. *See Jackson v. Righter*, 891 P.2d 1387, 1389 (Utah 1995).

¶ 3 In the fall of 1995, Plaintiff learned that his wife (Wife) was having a romantic relationship with Defendant.  Plaintiff and Wife separated about a year later, but reconciled soon thereafter.  Plaintiff and Wife participated in marriage counseling in late 1996 and early 1997 in an effort to save their marriage.  However, Wife's relationship with Defendant continued, and on January 20, 1997, Plaintiff moved out of the marital home.  Shortly thereafter, Wife filed for divorce.

¶ 4 Throughout the pendency of the divorce, Plaintiff maintained hope that he and Wife might reconcile.  Plaintiff did not realize the extent of Wife's involvement with Defendant until late October 1997, when he learned that they had been engaged in a sexual relationship.  On February 4, 1998, the divorce was finalized.  On October 20, 1998, Plaintiff filed a complaint against Defendant for alienating Wife's affections.

¶ 5 Defendant moved for summary judgment, arguing that the action for alienation of affections is governed by the one-year statute of limitation for seduction.  Defendant also contended that the statute began to run on January 20, 1997 at the latest, when Plaintiff moved out of the marital home.  Thus, he argued, Plaintiff's complaint was time-barred.  The trial court agreed and granted summary judgment to Defendant.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Summary judgment is appropriate only when there is no genuine issue of material fact and the movant "is entitled to judgment as a matter of law."  Utah R. Civ. P. 56(c).  In reviewing a grant of summary judgment, we afford no deference to a trial court's ruling, reviewing its legal conclusions for cor-

Corporation.

rectness. *See Jackson v. Righter*, 891 P.2d 1387, 1389 (Utah 1995).

¶ 7 Plaintiff presents two issues: First, does the one-year statute of limitation for seduction also apply to this action for alienation of affections? And second, if the one-year statute applies, did he present a genuine issue of material fact sufficient to defeat Defendant's motion for summary judgment?

## ANALYSIS

¶ 8 We first consider which statute of limitation governs actions for alienation of affections. The tort of alienation of affections is not specifically named in any statute of limitation. Thus, Plaintiff contends, the applicable statute is the four-year, "catch-all" statute of limitation for "relief not otherwise provided for by law." Utah Code Ann. § 78–12–25(3) (1996). Defendant argues here, as he did below, that the one-year statute of limitation for seduction should apply to actions for alienation of affections. *See id.* § 78–12–29(4) (1996) (establishing one-year statute of limitation "for libel, slander, assault, battery, false imprisonment, or seduction").

¶ 9 We agree with Plaintiff that the proper statute of limitation for alienation of affections is the four-year residual statute of limitation found in section 78–12–25(3). That section "applies to all actions for relief that [are] not otherwise covered by any other section." *Branting v. Salt Lake City*, 47 Utah 296, 311, 153 P. 995, 1001 (1915). Because alienation of affections is not specifically enumerated in any statute of limitation, it must, according to well-settled law, fall under the four-year statute. *See Olsen v. Hooley*, 865 P.2d 1345, 1347 n. 1 (Utah 1993) ("A cause of action ... that is not subject to a specific statutory limitations period is governed by the residual four-year limitations period found in § 78–12–25[3]."); *Dow v. Gilroy*, 910 P.2d 1249, 1251–52 (Utah Ct.App. 1996) (holding four-year statute applies to action to determine paternity because no other limitation period is prescribed by statute); *see also Woodman v. Goodrich*, 234 Wis. 565, 291 N.W. 768, 769 (1940) (holding catch-all, rather than alienation of affections statute of limitation, applies to action for criminal conversation because criminal conversation is not specifically enumerated).

¶ 10 Further, we are not persuaded by Defendant's argument that seduction and alienation of affections are so closely related that they should share the same limitation period. *Cf. Norton v. Macfarlane*, 818 P.2d 8, 13 n. 9 (Utah 1991) (stating " 'it is by no means certain that ... alienation of affections [and] seduction ... should be lumped together for identical treatment' " (citation omitted)). To pursue a successful action for alienation of affections, the plaintiff must prove: "(a) [t]he fact of marriage, (b) that the defendant wilfully and intentionally, (c) alienated the wife's affections, (d) resulting in the loss of the comfort, society and consortium of the wife, and (e) (to justify punitive damages) a charge of malice." *Wilson v. Oldroyd*, 1 Utah 2d 362, 367, 267 P.2d 759, 763 (1954). "The gist of the tort is the protection of the love, society, companionship, and comfort that form the foundation of a marriage and give rise to the unique bonding that occurs in a successful marriage." *Norton*, 818 P.2d at 12. Sexual relations with the spouse whose affections are alienated is not a necessary element of the tort. *See id.*

¶ 11 In contrast, our supreme court has defined seduction as "the offense of inducing a woman to consent to unlawful sexual intercourse, by enticements which overcome her scruples" and as an act involving "some undue influence, artifice, deceit, fraud, or ... some promise to induce the plaintiff to surrender her chastity and virtue." *Bowers v. Carter*, 59 Utah 249, 252, 202 P. 1093, 1094–95 (1921) (citations omitted). Thus, sexual intercourse is the gravamen of seduction, in direct contrast to alienation of affections, in which violation of the spouse's consortium interest is the main interest protected.

¶ 12 Defendant cites *Tolman v. K–Mart Enterprises of Utah, Inc.*, 560 P.2d 1127 (Utah 1977), to support his contention that the seduction statute of limitation should also apply to alienation of affections. In *Tolman*, the plaintiff argued the four-year, catch-all statute of limitation should apply to his false

arrest action. *See id.* at 1128. The defendant asserted that the one-year statute for false imprisonment should also apply to false arrest. *See id.* The supreme court stated that the "[s]olution to the problem ... is found in looking to the basic nature of the alleged violation of the plaintiff's right." *Id.* Because both torts involve a "wrongful imposition of control over [the plaintiff's] freedom of movement, ... false arrest is but a particular circumstance that may be involved" in false imprisonment. *Id.* In addition, the court noted, the one-year statute of limitation applied to "all other invasions of personal liberty." *Id.*

¶ 13 The *Tolman* analysis supports Plaintiff's, rather than Defendant's, position. The "basic nature of the alleged violation of the plaintiff's right," *id.* at 1127, in the alienation of affections cause of action is the *injured spouse's* loss of the right of consortium with his or her alienated spouse. *See Norton,* 818 P.2d at 11–12. The basic right involved in an action for seduction is the *seduced victim's* right to be free from coerced, illicit sexual intercourse. *See Bowers,* 202 P. at 1094. Indeed, the two torts do not even share an identity of plaintiffs and defendants. The plaintiff in an action for alienation of affections is usually a spouse, and the defendant is typically a paramour.[2] In contrast, the plaintiff in a seduction action is either an unmarried person under the age of eighteen, *see* Utah Code Ann. § 78–11–4 (1996), or the child's parent or guardian, *see id.* § 78–11–5.

¶ 14 Finally, unlike the situation in *Tolman,* not all intentional torts are covered by the one-year statute of limitation for "libel, slander, assault, battery, false imprisonment,

or seduction." *Id.* § 78–12–29(4); *see, e.g., id.* § 78–12–25(2) (establishing four-year period for actions brought under Uniform Fraudulent Transfer Act); *id.* § 78–12–25.1 (establishing four-year limitation period for civil actions for sexual abuse of child); *id.* § 78–12–26(3) (establishing three-year limitation period for fraud); *id.* § 78–12–28(2) (Supp.1999) (establishing two-year period for wrongful death actions, whether intentional or negligent).

¶ 15 In sum, we conclude the applicable statute of limitation for alienation of affections is the four-year statute of section 78–12–25(3). The statute of limitation for alienation of affections "begins to run when the alienation is accomplished, i.e., when love and affection are finally lost." *Retherford v. AT & T Communications,* 844 P.2d 949, 975 (Utah 1992). At the earliest, this could have been in the fall of 1995, when Wife's involvement with Defendant began.[3] Plaintiff's complaint was filed on October 20, 1998, less than four years after the earliest time the statute could have begun to run. Thus, Plaintiff's complaint was not barred by the applicable statute of limitation.[4]

## CONCLUSION

¶ 16 Plaintiff's action for alienation of affections is subject to the four-year statute of limitation for "relief not otherwise provided for by law," Utah Code Ann. § 78–12–25(3) (1996), because no other statute of limitation specifically names the alienation of affections cause of action. Moreover, the causes of action for alienation of affections and seduction are not sufficiently related for the seduction statute of limitation to govern both ac-

---

**2.** However, this need not be the case. Actions for alienation of affections have been brought against, for example, the spouse's mother and sister. *See Schwartz v. Valinsky,* 1 Mass.App.Ct. 806, 294 N.E.2d 446, 447 (1973). The cause of action has also been successfully pursued by a mother for the alienation of her children's affections. *See Strode v. Gleason,* 9 Wash.App. 13, 510 P.2d 250, 251 (1973).

**3.** We note that when the statute begins to run— that is, when the alienated spouse's affections

were finally lost—is a question of fact for a jury to determine. *See Andreini v. Hultgren,* 860 P.2d 916, 919 (Utah 1993) ("The point at which a person reasonably should know that he or she has suffered a legal injury is a question of fact.").

**4.** Because of our disposition, we need not address Plaintiff's second argument, that he presented a genuine issue of material fact sufficient to defeat Defendant's summary judgment motion.

tions. Because Plaintiff's action was subject to the four-year statute of limitation, and his action was timely filed, the trial court incorrectly concluded that his action was barred.

¶ 17 Accordingly, we reverse the trial court's grant of summary judgment to Defendant.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and JAMES Z. DAVIS, Judge.