COMMONWEALTH *vs.* JANE D. KENNON & another.

Essex.   November 3. — 4, 1880.   AMES & ENDICOTT, JJ., absent.

At the trial of an indictment charging the defendant with an assault upon a woman, who testifies to the assault, evidence is incompetent, for the purpose of proving a propensity to lie on the part of the woman, that she had lied on other occasions.

INDICTMENT in four counts, charging the defendants with four separate assaults upon Etta Wood. Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

To prove the assaults, the government offered Wood as a witness, who testified that the defendants made the four different assaults upon her charged in the indictment, and gave the particulars of each; and her testimony was corroborated by other evidence offered by the government. On cross-examination, she testified that she was born in Charlestown, where her parents still lived, and was twenty-three years of age; that about three years ago she left her parents and went to live in Somerville; that she lived there five weeks, when she went to live with the defendant Kennon; that she lived with Kennon until February 1879, when Kennon sent her to the Tewksbury Almshouse; and that she remained there five or six weeks, when Kennon took her back again, and she lived with her until she was taken from there by the officers on May 4, 1880.

For the purpose of affecting her credibility as a witness, and also for the purpose of showing that she had a mania for telling false stories of assaults made upon her by other persons, the

defendants offered to show that she had told false stories of how her parents had assaulted her, made her lie with a goat in the cellar, had scalded her and driven her from home, and how the authorities of the Tewksbury Almshouse had attempted to strangle her with a sheet and kill her with medicine, and had strangled infants there.

The judge ruled that this evidence was incompetent for the purposes claimed, and excluded it. The jury returned a verdict of guilty on all the counts; and the defendants alleged exceptions.

*J. C. Sanborn*, for the defendants.

*F. H. Gillett*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The purpose for which the excluded evidence was offered, as appears by the bill of exceptions, and as has been assumed in the argument for the defendants, was not to prove insanity, but to prove a lying habit of mind or a propensity to lie; the evidence offered was only that the witness had lied on other occasions, which would present collateral issues, and was not competent as independent evidence; and it does not appear that it was offered by way of cross-examination of the witness, nor, if it was, that the defendant sought to have it admitted in the discretion of the judge.

*Exceptions overruled.*