## FRANK HIGLISTER *vs.* JULIA B. FRENCH.

Suffolk.　November 22, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Evidence,* Materiality, Competency.

In an action for malicious prosecution and slander, it appeared, that the defendant had charged the plaintiff with stealing from her two rings, and testified to the truth of the charge. The plaintiff testified, that the defendant gave him the rings, and that the second ring was given to him by the defendant when the plaintiff went to her house to accompany her to the trial of a case to which the defendant was a party and in which the plaintiff was to testify, that the defendant at the same time handed him two memoranda with a request that he should read them and testify in accordance with them. The plaintiff testified that he read the statements, and then, against objection, was allowed to testify that they were not true. *Held,* that the testimony that the memoranda did not set forth the truth was admissible as a material part of the plaintiff's story, showing a reason for the gift to him on that day of one of the rings and for the previous gift of the other, and tending to show, that the defendant made the complaint on which the plaintiff was prosecuted in revenge for his keeping the rings after failing to give the false testimony.

In an action for malicious prosecution and slander, evidence, relevant for the purpose of showing that the defendant gave the plaintiff certain articles which the defendant had charged the plaintiff with stealing, is not made incompetent by the fact that it tends to show subornation of perjury on the part of the defendant.

TORT for malicious prosecution and slander. Writ dated July 31, 1899.

At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict for the plaintiff in the sum of $5,000 ; and the defendant alleged a single exception, which is stated by the court.

*R. M. Morse,* (*L. Bass, Jr.* with him,) for the defendant.

*J. A. McGeough,* for the plaintiff.

LORING, J.　This was an action of tort for malicious prosecution and slander. The plaintiff had a verdict, and the defendant comes here on an exception to the admission of evidence.

The defendant had made a complaint against the plaintiff, charging him with having stolen three rings and $1,900 ; he was bound over, indicted, and on trial acquitted, and then brought this action.

The trial of the action in the case at bar apparently came down to a contest as to which party to the suit was to be believed. The plaintiff's story was that he was at one time employed as an indoor servant in the defendant's house, where she lived with her husband, and after that employment ceased he was on terms of intimate friendship with the defendant; that he had a latch-key to the front door, and was in the habit of calling at the house; that the defendant made him presents from time to time, took him with her to the theatre and to drive, and that she gave him two of the three rings in question, each worth from $300 to $400, under the following circumstances. One Graff had brought suit against the defendant to recover $125 for wages, and on February 6, 1899, he (the plaintiff) went to the defendant's house "at her request to accompany her to the court and to testify" in the Graff suit; that while he was at her house on that day the defendant handed him two memoranda, with a request that he should read them and "to so testify, and at the same time she presented him with a second diamond ring." The plaintiff had previously testified that on January 1, 1899, the defendant gave him the first ring. The plaintiff testified that he read the statements, and, against the objection and exception of the defendant, was allowed to testify "that they were not true." This is the exception, and the only exception, before us.

To complete the statement of the case, the rest of the plaintiff's story was that he did not testify in accordance with the two written memoranda of the defendant, and that after the trial of the Graff case the defendant told him that his testimony "was unsatisfactory and the cause of her losing the case"; that the defendant soon after demanded back the rings, and that this was refused by him.

The defendant denied the whole of the plaintiff's story as to the intimacy between her and the plaintiff, and testified that after he left her employ he had appealed to her for help and she had given him clothing and other necessaries; she denied that she gave him the rings, but admitted that she handed him the two memoranda. Her story was that on February 6, 1899, she had the rings in a cabinet in her house; that on that day she "missed" them; that she suspected the plaintiff, consulted counsel, and acted on his advice in bringing the complaint.

The exception to the testimony that the memoranda did not set forth the truth must be overruled. If the testimony set forth in the two memoranda was not the truth, there was an explanation for the gift to the plaintiff on that day of one of the rings and of the previous gift of the other ring, which would not have existed had the memoranda been true and the whole transaction nothing more than an effort to refresh the witness's memory in an honest way.

There is nothing in the argument of the defendant that the admission of this testimony raised a collateral issue; that it was not admissible so far as the first ring was concerned, or that the evidence had no legal tendency to show that the plaintiff did not steal the rings or that the defendant did not have probable cause to believe that he did, and that it was an attempt to prejudice the defendant by proving another criminal act.

The evidence was a material part of the plaintiff's story, and the issue was whether that story was true or not; if it was true, it tended to show that the defendant made the complaint in revenge for his keeping the rings and not paying the price for which they were given, namely, giving perjured testimony. The jury had no right to infer that the defendant was the kind of a person who would be likely to have prosecuted the plaintiff maliciously because she had committed the crime of subornation of perjury. *Commonwealth* v. *Kennon*, 130 Mass. 39. If the defendant had any fears that this evidence would be so used, she should have requested the court to instruct the jury to that effect. But evidence which is naturally relevant is not made legally incompetent because it discloses that the defendant was guilty of a crime not in question in the cause in which the evidence is admitted. *Commonwealth* v. *Johnson*, 150 Mass. 54. *Commonwealth* v. *Scott*, 123 Mass. 222, 235. *Commonwealth* v. *Choate*, 105 Mass. 451.

*Exceptions overruled.*