[No. 33691. Department Two. January 11, 1957.]

EDNA LEOLA FLINK, *Appellant*, v. MADGE SIMPSON *et al.,*
*Respondents.*[1]

*Frank Funkhouser* and *Anthony J. Felice,* for appellant.

*Kenneth C. Hawkins,* for respondents.

WEAVER, J.—This is an action to recover damages for the alleged alienation of the affections of plaintiff's husband.

A demurrer was sustained to plaintiff's complaint on the ground that the action was not commenced within the time limited by law. The plaintiff declined to plead further and

[1]Reported in 305 P. (2d) 803.

now appeals from a judgment dismissing her case with prejudice.

Paragraph III of plaintiff's complaint filed September 7, 1955, alleges:

"That plaintiff was married September 18, 1916 to A. M. Flink, and was living happily with him and their two childred until *some time in 1940 when defendants* Madge Simpson, Charles Simpson Jr. and Martha Simpson Larkin by their acts, blandishments and seductions, *alienated the love and affection of the plaintiff's husband* and destroyed plaintiff's happiness and the happiness of her home, impaired her health, and have continued to do so to the date hereof." (Italics ours.)

The allegations of the alleged conduct of defendant Martha Simpson Larkin, during 1940 and prior thereto, are expanded by a bill of particulars.

Paragraph IV of the complaint alleges:

"Some of the acts of said defendants which have alienated the affections of said A. M. Flink from plaintiff are as follows, to-wit:

"That about 1940 defendant Martha Simpson Larkin and the said A. M. Flink became familiar with each other, having repeated intimate relations; that the said A. M. Flink left his home and rented a room in a hotel for approximately one year; that said A. M. Flink instituted divorce proceedings against said plaintiff; that defendants proposed that the said A. M. Flink pay said plaintiff the sum of $10,000 in settlement; that said plaintiff refused such a settlement; said plaintiff had a nervous breakdown and has been under a doctor's care since; that said divorce proceedings were dropped; . . ." (The balance of this paragraph details the alleged conduct of A. M. Flink and defendants up to July, 1955.)

The purpose of an action for alienation of affections is to recover damages for the loss of consortium or conjugal affection. *Boyle v. Clark,* 47 Wn. (2d) 418, 425, 287 P. (2d) 1006 (1955). Alienation of affection is, ordinarily, a gradual process, extending over a period of time. It cannot be said to be accomplished until some overt act takes place, showing want of affection or loss of consortium. See *Harringer v. Keenan,* 117 Wash. 311, 201 Pac. 306

(1921). It is generally well settled that such a cause of action accrues, and the period of the statute of limitations begins to run thereon, at the time the loss of affection or loss of consortium is sustained. See annotation: When statute of limitations begins to run against action for loss of services or consortium, 173 A. L. R. 750, 772 (1948).

It appears, from the allegations of the complaint, that loss of consortium and loss of conjugal affection were completed and the cause of action accrued in 1940. Removal from plaintiff's home to a hotel room, where he remained for approximately a year, and commencement of the divorce action were overt acts which showed want of affection and loss of consortium. If caused by defendants' conduct, plaintiff could have maintained her action at that time; hence, the period of the statute of limitations commenced to run.

We cannot agree with plaintiff's contention that the period of the statute runs from the last wrongful act of the defendants, stated in the complaint before us. Of this argument, under similar allegations, the court said in *Von Dorn v. Rubin*, 104 Neb. 465, 467, 177 N. W. 653 (1920):

"The wrong of which the plaintiff complains occurred and was completed in 1911. The fact that the loss has been continuous is evidence only of the amount of damages suffered by her, and these accruing damages are not severable from her original cause of action. They are the natural and ordinary consequences of the initial wrong committed, and no new cause of action springs from them."

Since 1940, no new cause of action is alleged to exist. It is not alleged that Mr. Flink ever returned to plaintiff's home after he left and rented a hotel room, nor after he commenced and then dismissed the divorce action. There is no claim of reconciliation or attempted reconciliation; hence, plaintiff's authorities, of which *Morris v. Warwick*, 42 Wash. 480, 483, 85 Pac. 42 (1906), is illustrative, are not apposite.

The judgment is affirmed.

DONWORTH, C..J., MALLERY, HILL, and OTT, JJ., concur.