Rescript Opinions.

HUMBLE OIL & REFINING COMPANY *vs.* GEORGE C. STRONG.    October 13, 1966.   The reasons for dismissing the report are stated in the opinion of the Appellate Division.

*Order dismissing report affirmed.*

*George C. Strong,* pro se.
*Selwyn P. Shine,* for the plaintiff, was present but was not called upon.

LEO E. WASSERMAN[1] & another[2] *vs.* NATHAN A. WASSERMAN & others.[3] November 2, 1966.   The judge was not plainly wrong in finding on conflicting evidence which is reported that the decedent was at all times mentally competent when he disposed of the property which is the subject of the litigation.   The final decree determined in detail that the ownership of the bulk of the property was in Nathan, brother of the decedent, and that as to the remainder, there should be an accounting.   The decree is consistent with the extensive findings of the judge.   The judge correctly ruled on the evidence.   On the material issue of the relationship over the years between Leo Wasserman and his father, the decedent, Leo testified on direct examination that, after service in the armed forces commencing in 1942, he had thereafter, from 1945 to 1949, "bummed around the country for a couple of years."   On cross-examination, subject to exception, it was elicited from Leo that during the period 1944 to 1949 he had been confined for a total of more than two and one-half years in four penal institutions. The evidence was not inadmissible as violative of G. L. c. 233, § 21, which was not applicable.   It was admissible as being contradictory to or inconsistent with the fair import of his direct testimony on the relevant fact of his activities and whereabouts during the period under inquiry.   See *Higlister* v. *French,* 180 Mass. 299, 301; *Commonwealth* v. *West,* 312 Mass. 438, 440–441, and cases cited.   Costs and expenses are to be in the discretion of the Probate Court.

*Decree affirmed.*

*Ronald W. Keefe* for Barbara E. Stewart, administratrix.
*Walter J. Hurley* for Nathan A. Wasserman.

JAMES F. RONAN *vs.* CLEMENT A. BRIGGS.   November 2, 1966.   The plaintiff appeals from an order of the Superior Court sustaining generally the defendant's demurrer to his declaration which alleged that the defendant alienated the affections of his wife and "also the children born naturally of their marriage."   Although not stated in the declaration, the action is presumably one in tort.   The declaration did not allege loss of consortium by the husband and was thereby rendered vulnerable to a demurrer.   *Neville* v. *Gile,* 174 Mass. 305, 306.   *Sherry* v. *Moore,* 258 Mass. 420, 423.   In addition, no cause of action exists for the alienation of the affections of children.   *Nelson* v. *Richwagen,* 326 Mass. 485, 486–488.

*Order sustaining demurrer affirmed.*

*James F. Ronan,* pro se.
*Douglas Smerdon* for the defendant.

---

[1] A son of the decedent and coadministrator of the estate who was removed as coadministrator after the trial.

[2] Barbara E. Stewart, a daughter of the decedent and coadministratrix who prosecuted the appeal from the final decree.

[3] Seven individuals and eighteen banking institutions, all allegedly having an interest in the litigation.