[No. 1293-1.   Division One—Panel 2.   May 21, 1973.]

Eline G. Strode, *Individually and as Guardian, Respondent,* v. Willis Gleason *et al., Appellants.*

*Stuart W. Todd,* for appellants.

*Barnett, Robben, Blauert & Pease* and *Paul W. Robben,* for respondent.

CALLOW, J.—This is an alienation of affections action brought by the natural mother of two children, a boy and a girl, against the couple with whom the children lived for several years. The defendants have appealed from a jury verdict in favor of the plaintiff.

From 1952 until 1962, the Strode children lived with the defendants Gleason during the week and visited their parents on weekends. Thereafter, the children lived at home for the next 4 years but frequently visited with the defendants. From 1964 until 1966, the boy grew difficult to handle. He made a tape recording attempting to demonstrate his natural mother's unfitness to care for him and exchanged frequent phone calls with the defendant Mrs. Gleason. As a result of his complaints to a school counselor, a juvenile court petition was filed. The plaintiff mother contends that the defendants caused the filing of the petition and that that act evidences the alienation of the children.

The jury was instructed

alienation of affections and/or direct interference with family relations is characterized as an intentional tort. Basically to establish a prima facie cause of action for these torts the complaining party must show the following:
1. An existing family relationship
2. A wrongful interference with the relationship by a third person
3. An intention on the part of the third person that such wrongful interference results in a loss of affection or family association

4. A causal connection between the third parties' conduct and the loss of affection.

5. That such conduct resulted in damages.

The defendants contend the instruction was improper, that no cause of action for the alienation of the affections of a child has been recognized in Washington law, and that the action should have been dismissed. In addition, the defendants claim, *inter alia*, that the statute of limitations had run barring the action.

No Washington cases deal directly with alienation of the affections of a minor child, standing alone, as a permissible cause of action. The common law held liable anyone who intentionally interfered with the custody of children by abducting a child, enticing a child away or harboring a child who had left home against the wishes of the parent. The parent was required to prove deprivation of the services or custody of the child by the actions of the defendant; but having proven this element, the parent was then also entitled to damages for loss of the society of the child and for accompanying mental distress. *Magnuson v. O'Dea*, 75 Wash. 574, 135 P. 640, 48 L.R.A. (n.s.) 327 (1913), would permit a recovery on such a footing. This was an action for damages caused by the concealment of a minor child from the parent. The court said that a right of action in such cases was based upon loss of services and that, under such circumstances, parents could then also recover compensatory damages for mental distress and the loss of the companionship of the child. *See also* W. Prosser, *Torts* § 124, p. 882 (4th ed. 1971); H. Clark, *Domestic Relations* § 10.4 (1968); Annot., 12 A.L.R.2d 1178 (1950); Pound, *Individual Interests in the Domestic Relations*, 14 Mich. L. Rev. 177, 185 (1916); 59 Am. Jur. 2d *Parent and Child* § 107 (2d ed. 1971).

The few cases where the sole basis of the complaint has been the alienation of the affections of a minor child unaccompanied by loss of custody or of the services of the child have denied recovery. 3 Restatement of Torts § 699 (1938), takes a similar position at page 501:

One who, without more, alienates from its parent the affections of a child, whether a minor or of full age, is not liable to the child's parent.

*Miles v. Cuthbert,* 122 N.Y.S. 703 (Sup. Ct. 1909), held there was no action for alienation of the affections of a child simply because there was no authority to support such an action. In *Pyle v. Waechter,* 202 Iowa 695, 210 N.W. 926, 49 A.L.R. 557 (1926), the court denied recovery by the parent and emphasized that recovery had always been based upon the loss of custody, care, companionship or services of the child. Analogies to the right of a parent to recover for loss of affection and mental anguish stemming from the seduction of a minor daughter and to the right of recovery for alienation of the affections of a spouse were rejected. *See also Montgomery v. Crum,* 199 Ind. 660, 161 N.E. 251 (1928); *Ronan v. Briggs,* 351 Mass. 700, 220 N.E.2d 909 (1966).

These cases are commented upon in 1 F. Harper & F. James, *The Law of Torts* § 8.5 (1956) as follows at page 623:

The reasoning here is not persuasive. As to the first point, it is true that the action for loss of the companionship and custody of a child or for its seduction was based on the loss of real or imaginary services but in modern law this has become a complete fiction. Loss of services need not be shown. "The true ground of action is the outrage, the deprivation; the injury the father sustains in the loss of his child; the insult offered to his feelings; the heart-rending agony he must suffer in the destruction of his dearest hopes, and the irreparable loss of that comfort and society, which may be the only solace of his declining age." It is true, as the Iowa court pointed out, that the parent had not been deprived of the child's custody and society, but it must be obvious that the loveless companionship of a minor child leaves much to be desired in the relationship. Much the same can be said of the court's second point as to the analogy of the affection between spouses. To be sure it is different than that which exists between parents and their children, but application of a Latin name to the one makes it no more important or worthy of legal protection than the other.

(Footnotes omitted.) *See also* H. Clark, *Domestic Relations* § 10.4, at 270 (1968); 40 Harv. L. Rev. 771 (1927).

■ The novelty of an asserted right and the lack of precedent are not valid reasons for denying relief to one who has been injured by the conduct of another. The common law has been determined by the needs of society and must recognize and be adaptable to contemporary conditions and relationships. *Funk v. United States,* 290 U.S. 371, 78 L. Ed. 369, 54 S. Ct. 212, 93 A.L.R. 1136 (1933); *Russick v. Hicks,* 85 F. Supp. 281 (W.D. Mich. 1949); *Miller v. Monsen,* 228 Minn. 400, 37 N.W.2d 543 (1949).

> [S]tability should not to be confused with perpetuity. If the law is to have a current relevance, courts must have and exert the capacity to change a rule of law when reason so requires.

*In re Stranger Creek,* 77 Wn.2d 649, 653, 466 P.2d 508 (1970).

■ The trend of the law as we perceive it would recognize a cause of action in a parent for the alienation of the affections of a child. *Daily v. Parker,* 152 F.2d 174, 162 A.L.R. 819 (7th Cir. 1945), reversed the dismissal of a complaint initiated by a minor child for the alienation of its father's affections. The issue was stated as follows at page 176:

> Is the family relationship and the rights of the different members therein, arising therefrom, sufficient to support a cause of action in each, the father, mother, or children, against one who breaks it up and destroys rights of the said individual members?

The opinion noted that while courts have been slow to accept social changes they have adopted change after the need has been recognized. The court conceptualized the family as follows at page 176:

> The duties of each member of the family are measured (at least in theory and in legal conception) by the position, the role, each takes in the family. . . . children of tender years take on the family financial burdens when father is incapacitated and mother must attend him or for other reasons is unable to contribute to the financial

support of the family. Relativity of rights and duties marks the rights and the obligations of the group and relativity is determined in each case by the situation of the family. But relativity does not eliminate or destroy the rights of any member.

We hesitate to stereotype people in any way and set forth this quote merely to indicate the recognition of the rights of parents in children and the duties and responsibilities they can expect children to accept. The court concluded that a child had an action against one who had injured the child's right to support and maintenance "as well as damages for the destruction of other rights which arise out of the family relationship and which have been destroyed or defeated by a wrongdoing third party."

The conclusion that all members of a family have a right to protect the family relationship and that a minor child may bring suit against a third person who wrongfully induced a parent to desert the child has also been reached in *Russick v. Hicks, supra; Johnson v. Luhman,* 330 Ill. App. 598, 71 N.E.2d 810 (1947); and *Miller v. Monsen, supra.*

We see no basis for granting a child a cause of action for loss of the love and affection of a parent without recognizing that a parent has a like cause of action for damages against a third person who spitefully alienates the affections of a minor child or maliciously interferes with the family relationship resulting in a loss of the child's affections. The loss of custody or the services of a child should not be a necessary element to be proven as a requisite for recovery but is instead an element of damages. We believe an interloper who maliciously interferes with the affections of a child should be answerable to a damaged parent. In *McGrady v. Rosenbaum,* 62 Misc. 2d 182, 186, 308 N.Y.S.2d 181 (Sup. Ct. 1970), a right to recover for the lost companionship of a child was recognized. The court said:

Undoubtedly, . . . . a parent who has been wrongfully deprived of the company of his child, by interference with such custody, association and companionship, may recover damages from the wrongdoer for the mental anguish and wounded feelings and for the expenses in-

curred in vindicating the parent's rights to have his child. (*Pickle* v. *Page,* 252 N: Y. 474 [169 N.E. 650, 72 A.L.R. 842]; *McEntee* v. *New York Foundling Hosp.,* 21 Misc. 2d 903 [194 N.Y.S.2d 269].)

*See also Rosefield v. Rosefield,* 221 Cal. App. 2d 431, 34 Cal. Rptr. 479 (1963). We believe that equally, if not more, damaging to a parent would be the loss of the love and affection of a child who continues to reside with the parent he or she has come to despise as a result of the wrongful action of a third party. Not only would the loss of companionship and mental distress be present, but the constant antagonism of the alienated child would be an omnipresent reminder and aggravation of the injury. Recovery for mental anguish and distress is permitted in cases which involve malice or wrongful intent even though there has not been an actual invasion of the person of the plaintiff. *Schurk v. Christensen,* 80 Wn.2d 652, 497 P.2d 937 (1972); *Smith v. Rodene,* 69 Wn.2d 482, 418 P.2d 741 (1966); *Murphy v. Tacoma,* 60 Wn.2d 603, 374 P.2d 976 (1962).

The reasons given for refusing to allow an action by a child for the loss of the affections of a parent are not persuasive to us in that situation nor do they persuade us that an action should be forbidden by a parent for loss of the affections of a child. In *Nelson v. Richwagen,* 326 Mass. 485, 95 N.E.2d 545 (1950), the court held that the child had no right of action against a third party for the loss of the personal care or presence of a parent. The court citing 83 Pa. L. Rev. 267, 277 gave as reasons for denying recovery (a) the possibility of a multiplicity of suits, (b) the possibility of extortionary litigation, (c) the inability to define the point at which the right would cease, and (d) the difficulty in assessing damages. Similar arguments are set forth in Restatement (Second) of Torts § 702A(2) (Tent. Draft No. 14, 1969), which would not grant a child a right of action for the alienation of the affections of a parent. There the pretexts for denial of the right are listed as (1) the lack of precedents, (2) the fear of a flood of actions, (3) the fact that a child has no legal right to the services of

the parent or "consortium" in the husband-wife sense, and "even the parent cannot recover for mere loss of the child's affections," (4) the possibility of extortion suits, (5) the difficulty of determining when a child ceases to be a "child," and (6) the difficulty in measuring damages. We note that the reporter setting forth these reasons for rejecting the imposition of liability to the child who has lost the affections of a parent is not enthusiastic about any of the reasons and indicates that each is without real consequence as a basis for rejecting the existence of the right of action. Likewise, we do not grant them weight in regard to the counterpart cause of action by a parent for the alienation of the affections of a child. Each of the palliations for denying such a right to redress is a specious bugaboo without present day basis. They reflect a distrust in the ability of courts and juries to distinguish just causes from false claims—a distrust we reject.

We hold that a parent has a cause of action for compensatory damages against a third party who maliciously alienates the affections of a minor child.

■ The instruction given by the trial court properly reflected the elements of the action with the exception that the specific term "malicious" is appropriate rather than the ambiguous word "wrongful." The maliciousness that need be shown is an unjustifiable interference with the relationship between the parent and the child. *See Swearingen v. Vik,* 51 Wn.2d 843, 322 P.2d 876 (1958); *Lankford v. Tombari,* 35 Wn.2d 412, 213 P.2d 627, 19 A.L.R.2d 462 (1950); *Allard v. La Plain,* 147 Wash. 497, 266 P. 688 (1928); *Thomas v. Lang,* 135 Wash. 675, 238 P. 626 (1925).

■ The alienation of the affections of one family member for another may be a gradual process, and it cannot be said to have occurred until some overt act takes place which shows a want of affection. An action for alienation of affection accrues when the loss of affection is sustained. *Flink v. Simpson,* 49 Wn.2d 639, 305 P.2d 803 (1957). In our opinion, the right of action in a cause of this nature should accrue when the parent is aware that the hurt is suffered

Here, in either event, the period has run. This action was filed on May 26, 1969, 3 years after juvenile court authorities filed a petition regarding the child. Prior to May 26, 1966, the overt acts of the alienated boy evidenced alienation of his affection for his mother. She was aware of the erosion of the affection of her son for her by his many belligerent acts which occurred over 3 years prior to the initiation of this action. *See* RCW 4.16.080. The period preceding the cutoff date, 3 years before the filing of the action, was replete with acts which put the plaintiff on notice of her harm. The action was barred by the statute of limitations.

The judgment is reversed, and the cause is remanded to the trial court with directions to dismiss the action.

HOROWITZ and WILLIAMS, JJ., concur.