Allan C. BOCK, Respondent,

v.

Randall LINDQUIST, et al., Appellants.

No. 48525.

Supreme Court of Minnesota.

April 20, 1979.

Larkin, Hoffman, Daly & Lindgren and James P. Larkin, Minneapolis, for appellants.

Moriarty, Mollerus & Janzen and Louis J. Moriarty, Minneapolis, for respondent.

Jon M. Hopeman, Minneapolis, amicus.

Heard before PETERSON, YETKA, SCOTT, and STONE, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

The issue in this case, certified by the trial court as important and doubtful,[1] is

---

1. Rule 103.03(i), Rules of Civil Appellate Procedure.

whether a right of action by a parent for alienation of a child's affections should be judicially recognized. We hold that the parent has no such cause of action and accordingly reverse the trial court's order denying defendants' motion to dismiss.

This litigation arises out of an acrimonious intra-family dispute involving custody of James Carson Whedbee Bock (hereafter Carson), born on April 6, 1965. Allan C. Bock, the plaintiff, adopted Carson in 1973, after his marriage to Carson's mother, Audrey Leigh Holt Whedbee, in 1970. At the time of her marriage to plaintiff, Carson's mother had two children by a former marriage—half siblings of Carson—a daughter, defendant Randall Holt Lindquist, and a son, defendant Clyde Holt III.[2] Defendant Dale Lindquist is the husband of Randall Holt Lindquist.

Carson's mother brought an action for dissolution of her marriage to plaintiff in 1975 and, with Carson, moved from plaintiff's home and thereafter lived with the Lindquists. The decree of dissolution subsequently entered gave custody of Carson to his mother, and she and Carson continued to live with the Lindquists. Carson's mother, who during these times was suffering from terminal cancer, died on October 3, 1976. At that time, plaintiff agreed Carson should remain with the Lindquists.

The decree of dissolution, in addition to the award of child custody, had ordered plaintiff to pay child support to Carson's mother and $45,000 as a property settlement. Dispute eventually arose among plaintiff and defendants over all these matters. Plaintiff had not paid for child support since the death of Carson's mother and had paid only $5,000 of the $45,000 property settlement. Plaintiff wrote to defendant

Holt on February 1, 1977, that if he did pay support for Carson's living and educational expenses, he would want custody of Carson; and he further stated that he felt there was no moral justification for him to pay the balance of the property settlement. Thereafter, the attorney for the estate of Carson's mother requested payment from plaintiff for the balance owed to the estate for the property settlement, followed by a July 5, 1976, letter stating his intention to initiate legal proceedings to collect the debt. In a letter to Randall Lindquist on July 8, 1977, plaintiff indicated that he expected to take custody of Carson in early August 1977. Defendants filed a motion on August 6, 1977, to intervene in the dissolution proceeding to obtain an order granting custody of Carson to the Lindquists; and defendants, on behalf of the estate, undertook to obtain judgment against plaintiff for arrearages in child support and for the $40,000 balance of the property settlement.

Plaintiff thereafter responded with two actions of his own. One of the actions was a successful petition for habeas corpus to obtain custody of Carson. Custody of Carson was placed with plaintiff, where it has remained since that time; and defendants' motion to intervene in the dissolution proceeding was denied. The other action was the present action against defendants for the alleged alienation of Carson's affections, the only subject of this appeal.

We hold, on consideration of sound public policy, that a right of action by a parent for alienation of a child's affections should not be recognized.[3] The circumstances under which the right has here been asserted demonstrate the potential for grave abuses, in which a child becomes the object of intra-

**2.** The father of Randall Holt Lindquist and Clyde Holt III is Clyde Randy Holt, Jr. The father of James Carson Whedbee Bock is James Carson Whedbee, Jr., to whom, it appears, Carson's mother was never married.

**3.** Few jurisdictions have considered whether there exists a right of action by a parent for alienation of a child's affections and none of the relevant decisions involves the factual context of the present case. See, Annotation, 60 A.L.R.3d 931, § 5. In *Strode v. Gleason*, 9 Wash.App. 13, 510 P.2d 250 (1973), Washington became the first jurisdiction to recognize such a cause of action. In *Strode* an intermediate court held a parent has a cause of action for compensatory damages against a third party who maliciously alienates the affections of a minor child, but it further held the parent's action was barred by the statute of limitations. No other jurisdiction has recognized this cause of action.

family controversy and, indeed, a pawn in disputes over monetary matters. In the more usual case of marriage dissolution resulting in deteriorated relationships, a cause of action by one parent against another for alienation of a child's affections would exacerbate the unhappy relationships and become a strategic tool for advantageous use of one family member over another.

It is significant that in 1978 our legislature abolished all civil causes of action for alienation of affections. Laws 1978, c. 515, § 2.[4] The reasons for abolishing this cause of action were expressed by the legislature as follows:

> "Actions based upon alleged alienation of affections * * * have been subject to grave abuses, have caused intimidation and harassment to innocent persons and have resulted in the perpetration of frauds. It is declared as the public policy of the state that the best interests of the people of the state will be served by the abolition of these causes of action." Laws 1978, c. 515, § 1.

The statute has no immediate application, for by its terms it applies only to actions commenced after March 24, 1978, but its expression of policy clearly argues against recognizing any new cause of action involving alienation of affections. So far as any institution can, this action by the legislature represents the attitude of the public in this matter.[5]

Nothing in this opinion diminishes other remedies for interference with familial relationships, remedies which make actions for alienation of affections unnecessary as well as undesirable. Violations of judicial orders establishing custodial or visitational rights in one parent may in appropriate situations be corrected by habeas corpus or, more commonly, by citation for contempt of court. Actions for defamation, enticement, or contributing to the delinquency of a minor remain available against a stranger who meretriciously intrudes into a family relationship.

Reversed.

---

**4.** All civil causes of action for breach of promise to marry, criminal conversation, and seduction were also abolished by this session. Laws 1978, c. 515, is codified at Minn.St. c. 553.

**5.** In *Gorder v. Sims*, 306 Minn. 275, 237 N.W.2d 67 (1975), this court reluctantly refused to hold that actions for alienation of affections were contrary to public policy and thus should be eliminated. We indicated it was up to the legislature to abolish such a cause of action.