**Ricardo James SARMIENTO; Elizabeth Gonzalez, Plaintiffs—Appellants,**

v.

**KING COUNTY; King County Department of Public Safety; King County Department of Development and Environmental Services; King County Fire Marshall; Craig Muller and Heidi Muller, individually and as a marital community, Defendants—Appellees.**

No. 02–35453.

D.C. No. CV–01–00503–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 1, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

MEMORANDUM *

In granting summary judgment in favor of the defendants, the district court evaluated the plaintiffs' (hereinafter "Sarmiento") claims under the standard set forth in *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001). The court did not err in its *Devereaux* analysis. Sarmiento, however, also asserted claims based on an alleged *Franks* violation. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Sarmiento contends

---

that fire investigator Muller intentionally or recklessly withheld material information from the King County Prosecutor's Office, information which, had it been included in Muller's reports, would have demonstrated an absence of probable cause to believe that Sarmiento was the one who started the fire.

■ The district court should have undertaken a *Franks* analysis. In *Franks*, the Supreme Court held that a police officer violates the Fourth Amendment if he "recklessly or knowingly includes false material information in, or omits material information from, a search warrant affidavit[.]" *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1295 (9th Cir. 1999). The Court further held that "if the allegedly false statement is necessary to the finding of probable cause, ... the search warrant must be voided and the fruits of the search excluded." *Franks*, 438 U.S. at 155–56.

We have since recognized that a *Franks* violation can give rise to a civil action under 42 U.S.C. § 1983. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002) (a coroner who "deliberately lied about the autopsy in the autopsy report" could be held liable under § 1983); *see also Barlow v. Ground*, 943 F.2d 1132, 1136–37 (9th Cir. 1991) (police officers may be held liable under § 1983 "if they made false reports to the prosecutor, omitted material information from the reports, or otherwise prevented the prosecutor from exercising independent judgment").

Applying a *Franks* analysis, we conclude that Muller did not withhold material information from the King County Prosecutor's Office. He provided the prosecutor with a Fire Cause Determination Report, which included his forensic conclusions as well as all of the witness statements he collected. The prosecutor requested that Muller reinterview several witnesses. Muller did so, and forwarded a supplemental report to the prosecutor. With Muller's reports in hand, which were free from any *Franks* error, it was up to the prosecutor to decide whether any discrepancies between the forensic evidence and the witness statements militated against charging Sarmiento. *Smiddy v. Varney*, 803 F.2d 1469, 1472 (9th Cir. 1987). By independently deciding that probable cause existed to charge Sarmiento, the prosecutor effectively insulated Muller from liability under § 1983 for Sarmiento's subsequent arrest, conviction, and incarceration. *Alvarez–Machain v. United States*, 331 F.3d 604, 636 (9th Cir. 2003); *Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir. 1981).

Sarmiento also asserts a claim that falls within the ambit of *Devereaux*. He contends that Muller coerced witnesses by offering them a financial reward. The district court correctly held that the mere offering of a reward falls short of the "coercive and abusive" investigative techniques necessary to state a claim under *Devereaux*.

Because there was no showing of a *Franks or Devereaux* violation, there was no constitutional violation on which to predicate a § 1983 action. Accordingly, Sarmiento's claims against King County fail as well. *See Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924 (9th Cir. 2001).

The district court also properly granted summary judgment in favor of the defendants on Sarmiento's state law claims for false arrest, malicious prosecution, defamation, outrage and intentional infliction of emotional distress, and alienation of affec-

tion. These claims, like his *Franks* claims, are predicated upon Muller's investigation and reports to the prosecutor; each of the claims fails. *See Doe v. Gonzaga Univ.,* 143 Wash.2d 687, 701, 24 P.3d 390 (2001) (defamation action fails if statement is made within the scope of employment to co-worker), *rev'd in part on other grounds,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002); *Birklid v. Boeing Co.,* 127 Wash.2d 853, 867, 904 P.2d 278 (1995) (tort of outrage and intentional infliction of emotional distress fails where the alleged conduct is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"); *Hanson v. City of Snohomish,* 121 Wash.2d 552, 563, 852 P.2d 295 (1993) (probable cause is a complete defense to action for malicious prosecution and false arrest); *Strode v. Gleason,* 9 Wash.App. 13, 14–15, 510 P.2d 250 (Wash.Ct.App.1973) (alienation of affection claim fails where defendant's conduct did not cause injury; in present case, charging decision made by prosecutor).

■ Sarmiento also contends that the district court erred by failing to sanction the defendants for withholding an unprivileged document. We disagree. The defendants noted in their answers to interrogatories that they were withholding certain documents as privileged. If Sarmiento thought a document was not privileged, he should have filed a motion to compel its production. He did not do so. Moreover, the defendants were entitled to summary judgment even without the disputed document, which actually supports the defendants' contention that the prosecutor exercised independent judgment. In these circumstances, the district court did not abuse its discretion by failing to sanction the defendants (even assuming that the document was not privileged). *Read–Rite Corp. v. Burlington Air Express Ltd.,* 186 F.3d 1190, 1199–1200 (9th Cir.1999).

**AFFIRMED.**