**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN E. WHITTED, | No.   19-35612 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00642-JCC |
| v. | |
| PETER WINFIELD JORDAN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 5, 2020**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Stephen Whitted appeals the adverse summary judgment ruling on his claims

of intentional interference with a parent-child relationship, civil conspiracy, abuse

of process, constitutional and common law invasion of privacy, intrusion into

seclusion, intentional infliction of emotional distress ("IIED"), and negligent

---

*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

infliction of emotional distress ("NIED") against his ex-wife, her husband, and their attorneys;[1] the denial of his motion for a Rule 56(d) continuance; the denial of leave to amend his complaint; and the imposition of Rule 11 sanctions for filing a frivolous complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Whitted's intentional interference claim against Mr. Jordan is time-barred. *See Strode v. Gleason*, 510 P.2d 250, 254–55 (Wash. Ct. App. 1973) (recognizing cause of action and applying three-year statute of limitations). His allegations here are lifted nearly verbatim from a 2011 intentional interference claim he made against Mr. Jordan. It is thus beyond genuine dispute that Whitted was aware of his injuries by 2011, and that more than three years had lapsed before he brought this claim. *See id.* at 254 (accrual starts "when the parent is aware that the hurt is suffered").

Nothing in the record suggests the Jordans' attorneys abused the legal process in bringing a successful child support claim against Whitted. *See Hough v. Stockbridge*, 216 P.3d 1077, 1085 (Wash. Ct. App. 2009) ("Abuse of process requires . . . (1) the existence of an ulterior purpose—to accomplish an object not within the proper scope of the process—and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings." (quotation marks omitted)). The divorce decree's initial misregistration was neither manifestly improper nor

---

[1] Respectively, Lori Jordan, Peter Jordan, attorneys Stacey Smythe and Molly Kenny, and The Law Offices of Molly B. Kenny.

suggestive of an ulterior motive. Indeed, both the King County Superior Court and the Washington Court of Appeals found the error inconsequential to Whitted's rights. The attorneys' decision to remove the superior court judge originally assigned to that case also falls short of abusive. *See Washington v. Waters*, 971 P.2d 538, 541 (Wash. Ct. App. 1999) (allowing removal of superior court judge once as of right subject only to timely filing of motion and affidavit).

Whitted likewise lacks legal recourse for his constitutional and common law claims for invasion of privacy, intrusion into seclusion, and defamation. The Washington Supreme Court has yet to recognize a constitutional cause of action for governmental privacy invasions, much less those perpetrated by nonstate actors. *Youker v. Douglas Cty.*, 327 P.3d 1243, 1245 (Wash. Ct. App. 2014). Regardless, the pictures of Whitted in handcuffs were taken in a public hallway and depict a matter of public record. *See Mark v. Seattle Times*, 635 P.2d 1081, 1094 (Wash. 1981) (no invasion of privacy when photographed in a public place). And the undisputed accuracy of the "off to jail" message in Ms. Jordan's email sharing the picture certainly renders it non-defamatory. *See Bender v. City of Seattle*, 664 P.2d 492, 503 (Wash. 1983) (requiring proof of "falsity").

The same fate follows for Whitted's IIED, NIED, and civil conspiracy claims. One could not reasonably consider the noninvasive, unabusive conduct discussed above "so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (emphasis omitted). An absence of evidence showing Whitted experienced "objective symptomology" of emotional distress that was "susceptible to medical diagnosis and proved through medical evidence" similarly shutters his NIED claim. *See id.* at 632–33 (quotation marks omitted). Lacking a predicate act, his civil conspiracy claims against the Jordans' and their attorneys necessarily fail as well. *See Corbit v. J. I. Case Co.*, 424 P.2d 290, 295 (Wash. 1967) (requiring proof of "unlawful purpose" or "unlawful means").

We also affirm the district court's denials of a Rule 56(d) continuance.[2] *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001) (reviewing for abuse of discretion). To the extent Whitted specified what facts additional discovery might have gleaned, none were "essential to oppose summary judgment" here. *See Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Notably, the discovery he sought pertained primarily to his irretrievably time-barred claim against Mr. Jordan.

Nor did the district court err in refusing Whitted leave to amend his complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (reviewing for

---

[2] Because we affirm the district court's grant of summary judgment and denial of a Rule 56(d) continuance, we also affirm the court's denial of Whitted's motion to compel supplemental discovery responses as moot.

4

abuse of discretion).  Whitted identifies no evidence that the Jordans' attorneys were unfit or incompetent, *see Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 197, 207 (Wash. 2018); that they acted outside the scope of their employment, *see id.* at 208; or that they engaged in some other unlawful act for which the Jordans might be held vicariously liable, *see Smith v. Sacred Heart Med. Ctr.*, 184 P.3d 646, 649 (Wash Ct. App. 2008).  His proposed factual allegations likewise fail to rescue his time-barred claim against Mr. Jordan.  Thus, the district court acted within its discretion in denying his proposed amendments as futile.  *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) ("[A]ny amendment would have been futile in that it could be defeated on a motion for summary judgment.").

Finally, the district court did not abuse its discretion in imposing Rule 11 sanctions here.  *See Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018) (reviewing for abuse of discretion).  Each of Whitted's ten causes of action (thirteen had he been afforded leave to amend) is either time-barred, duplicative of a nearly decade-old claim from another case, subterfuge for challenging long-settled rulings in state court, dependent upon allegations of obviously lawful conduct, or some combination thereof.  *See id.* at 1174 ("District courts can use Rule 11 to impose sanctions on any party that files a motion for an improper purpose or who does so without a legal or factual basis." (quotation marks omitted)).  We accordingly defer to the court's conclusion that Whitted's claims and

5

legal contentions were sufficiently frivolous to call upon the unique deterrence that

Rule 11 offers. *See id.*

**AFFIRMED.**