Craig **WHATCOTT,** Plaintiff and Appellant,

v.

Melvin J. **WHATCOTT,** Defendant and Respondent.

No. 890279–CA.

Court of Appeals of Utah.

April 4, 1990.

Before DAVIDSON, GARFF and JACKSON, JJ.

## OPINION

DAVIDSON, Judge.

Plaintiff appeals the trial court's grant of summary judgment in favor of defendant. He argues that his alleged mental incompetence invokes the delayed discovery rule and tolls the statutes of limitations. We affirm.

## FACTS

Plaintiff alleges that his father, Melvin J. Whatcott, sexually abused him during childhood. He seeks damages for psychological injury from the repeated molestations. The last alleged act of abuse occurred when plaintiff was eighteen yet the complaint was not filed until plaintiff was twenty-three-years-old.[1]

Plaintiff acknowledges that the respective one-year and four-year statutes of limitations have passed. He contends, however, that the trial court erred in dismissing the action because a mental disability rendered him legally incompetent and unable to file suit until 1986, several years after the applicable statutes of limitations had run.

The trial court rejected plaintiff's "delayed discovery" theory and granted summary judgment in favor of defendant:

> The defendant's Motion to Dismiss is granted. The basis for the decision, among others, is that the Court feels the statute of limitations has run, and that the "discovery" theory of when the statute commences to run, if at all the law in Utah, is not applicable herein.

## STANDARD OF REVIEW

Defendant initially filed a motion to dismiss which was later converted into a motion for summary judgment when matters outside the pleadings were presented to the court. The standard of review when con-

Kevin P. McBride, Brett G. Pearce, Strong & Hanni, Salt Lake City, for plaintiff and appellant.

Robert Van Sciver, Margo L. James, Salt Lake City, for defendant and respondent.

---

1. Plaintiff's complaint raises intentional and negligent causes of action. The statute of limitations for intentional torts is one year from the date of injury, Utah Code Ann. § 78–12–29(4) (Supp.1989), and four years from the date of injury for negligent torts, Utah Code Ann. § 78–12–25(3) (Supp.1989).

sidering a challenge to summary judgment is settled:

> A grant of summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. And in deciding whether the trial court properly granted judgment as a matter of law to the prevailing party, we give no deference to the trial court's view of the law; we review it for correctness.

*CECO Corp. v. Concrete Specialists, Inc.*, 772 P.2d 967, 969 (Utah 1989) (citations omitted); Utah R.Civ.P. 56(c). We review the facts in the light most favorable to the losing party. *See Briggs v. Holcomb*, 740 P.2d 281, 283 (Utah Ct.App.1987). "Moreover, 'because a summary judgment is granted as a matter of law rather than fact, we are free to reappraise the trial court's legal conclusions.'" *Bergen v. Travelers Ins. Co.*, 776 P.2d 659, 662 (Utah Ct.App.1989) (quoting *Atlas Corp. v. Clovis Nat'l Bank*, 737 P.2d 225, 229 (Utah 1987)).

## DELAYED DISCOVERY THEORY

As a general rule, "a cause of action accrues upon the happening of the last event necessary to complete the cause of action ... [and] mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations." *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981) (footnotes omitted). Here, the first acts of abuse occurred during plaintiff's minority. The statute of limitations for filing an action on those early abuses was tolled until plaintiff reached age eighteen.[2] At that point he had one year to file all intentional tort actions and four years to file all negligence actions which occurred during his minority.

Plaintiff argues that psychological repression of the molestations is an "exceptional circumstance" which acts to delay the discovery of the harm and thus tolls the running of the statutes of limitations. *See Myers*, 635 P.2d at 86; *Maughan v. S.W. Servicing, Inc.*, 758 F.2d 1381, 1385 (10th Cir.1985). However, exceptional circumstances and the resulting delayed discovery exist only in those circumstances where "application of the general [statute of limitations] rule would be irrational or unjust." *Myers*, 635 P.2d at 86 (plaintiffs did not discover wrongful death until after statute of limitations had run). Here, the plaintiff was aware of the acts of abuse when he was eighteen. There is no delayed discovery. We see nothing in the record which prevented him from filing suit within the statutory period even if he was not fully aware of the harm arising from the abuse. *But cf. Chapman v. Primary Children's Hosp.*, 784 P.2d 1181, 1184 (Utah 1989) (defendant's fraudulent concealment of cause of injury tolls statute of limitations until plaintiffs discover fraudulent activity).

In a similar case the Louisiana Court of Appeal rejected plaintiff's exceptional circumstance argument:

> Despite the suppression of the memories of [the incestuous] experiences, there is no question but that [plaintiff] was fully aware of the illegality and perverse nature of the things his father did. His failure to file suit was due to a number of factors, including embarrassment, fear of ridicule, a distorted view of his father's power and accountability for his actions, as well as a general ignorance of his legal remedies as an injured party. We do not mean to deprecate the psychological trauma [plaintiff] was experiencing but we are unable to apply the "exceptional" doctrine of *contra non valentem*[3] to the facts of this case.

*Bock v. Harmon*, 526 So.2d 292, 297 (La. Ct.App.1988). We cannot find that exceptional circumstances caused any delayed discovery in this case.

---

**2.** Causes of action that accrue during minority are tolled until a plaintiff reaches eighteen. Utah Code Ann. § 78–12–36 (1987). Section 78–12–36 states, in pertinent part,

> If a person entitled to bring an action ... is at the time the cause of action accrued, either under the age of majority or mentally incompetent ... the time of the disability is not a part of the time limited for the commencement of the action.

**3.** "Contra non valentem" means that "prescription does not run against one unable to act." *Bock*, 526 So.2d at 294.

■ Nor can we conclude that the legislature intended to include the incest-related mental illness alleged here within the purview of the mental incompetence provision found in section 78–12–36.[4] *See Bock*, 526 So.2d at 297 (court suggesting that exceptions to general tolling provisions in cases involving sexual abuse of children by parents lies with legislature); *Colleen L. v. Howard M.*, 209 Cal.App.3d 542, 257 Cal. Rptr. 263, 264 (1989) (court interpreting California statute which grants to certain sexually assaulted minors a three year, instead of a one year period, to file suit). We note that plaintiff completed a two-year religious mission, attended college, married and worked as assistant manager of an ice cream store during the period of his alleged incompetence. In light of these facts, when viewing the evidence in favor of plaintiff, we do not see how his alleged psychological problems prevented him from filing suit within the statutory period.[5]

Other jurisdictions, addressing similar claims, have refused to recognize incest-related psychological problems as a mental illness which tolls the statute of limitations. *See Snyder v. Boy Scouts of America, Inc.*, 205 Cal.App.3d 1318, 253 Cal.Rptr. 156, 159–60 (Ct.App.1988); *Bock*, 526 So.2d at 297. *See also J.D. v. M.F.*, 758 S.W.2d 177, 178 (Mo.Ct.App.1988); *Altena v. Altena*, 428 N.W.2d 315, 317 (Iowa Ct.App. 1988). We cannot conclude that the trial court's grant of summary judgment was erroneous.

GARFF and JACKSON, JJ., concur.

---

**4.** We do not agree with plaintiff that the "psychological blocking mechanisms of denial, disassociation and repression of his experiences, feelings of shame, guilt and self-blame," alleged here, constitute mental incompetence which tolls the running of the statutes of limitations.

**5.** We also note that the summary judgment hearing was not included as part of the appellate court record. "When crucial matters are not included in the record, the missing portions are presumed to support the action of the trial court. Therefore, we presume the trial judge acted correctly...." *State v. Theison*, 709 P.2d 307, 309 (Utah 1985) (citations omitted) (per curiam); *see also Wilderness Bldg. Sys., Inc. v. Chapman*, 699 P.2d 766, 769 (Utah 1985) (in absence of full trial record, appellate court must assume trial court's findings of fact and conclusions of law are correct); *Sampson v. Richins*, 770 P.2d 998, 1002 (Utah Ct.App.) cert. denied 776 P.2d 916 (1989); R. Utah Ct.App. 11(e).