Lisa Hooley OLSEN, Plaintiff
and Appellant,

v.

Harold K. HOOLEY, Garth Hooley, Cary
Hooley, Steven Hooley, and Harold William
Hooley, Defendants and Appellees.

No. 910125.

Supreme Court of Utah.

Oct. 27, 1993.

Linda Q. Jones, Provo, for plaintiff and appellant.

Wayne B. Watson, Thomas J. Scribner, Provo, for defendants and appellees.

STEWART, Justice:

The trial court dismissed plaintiff's complaint on the ground that it was barred by the applicable statute of limitations. Plaintiff appeals, arguing that because she had repressed all memory of the operative facts until after the limitations period had run, the statute of limitations was tolled. We reverse and remand.

■ Because this is an appeal from the grant of a motion to dismiss under Rule 12(b)(6) of the Utah Rules of Civil Procedure, we accept as true the allegations made in the complaint. Lisa Hooley Olsen began living with her adoptive parents, Harold and Ila Hooley, when she was about two years old. She alleges that defendants Harold Hooley and his sons, Garth, Cary, Steven, and Harold William Hooley, sexually abused her starting before she entered kindergarten and continuing until she left home at the age of nineteen. Olsen alleges that sometime in 1988, after one of her brothers had been admitted to a mental institution for sexually abusing his daughter, she began to experience nightmares of being sexually abused by her father and brothers. In 1990, Olsen concluded, with the help of therapy, that her dreams were flashbacks of acts committed against her when she was young. Olsen alleges that this "realization" has caused her severe emotional trauma, including thoughts of suicide for which she has been hospitalized on at least three occasions.

On October 30, 1990, a few months after Olsen allegedly recalled the abuse but twelve years after the last alleged incident, she filed a complaint against defendants, asserting that their behavior had injured her. Defendants moved to dismiss the complaint on the ground that Olsen failed to file her claim within the applicable statute of limitations. Defendants argued that Olsen stated a claim for an intentional tort, which is subject to the one-year limitations period in Utah Code Ann. § 78–12–29(4), and that the limitations period began to run in 1977 when Olsen reached the age of majority. Olsen contended that her claim was really one of reckless misconduct, a form of negligence, and that the applicable limitations period is four years. She also argued that the statute of limitations was tolled during the time she repressed her memory. The trial court granted defendants' motion on the ground that the applicable statute of limitations expired before Olsen filed her complaint. The court did not specify which limitations period applied, but apparently based its ruling on the assumption that a limitations period is not tolled by a repressed memory. Under that premise, Olsen's action would be barred regardless of the applicable limitations period.

On appeal, Olsen asserts (1) that her claim falls within the four-year statute of limitations set forth in § 78–12–25(3); and (2) that the limitations period was tolled until at least

1988 because of mental incompetency or Olsen's failure to "discover" her injury. Defendants argue, as they did below, that Olsen's claim is an intentional tort subject to the one-year limitations period set forth in § 78–12–29(4) and that the statute of limitations began to run in 1977 when she reached the age of majority.

■ We first note that Olsen's complaint facially alleges more than one cause of action and that a different limitations period applies to each action. As defendants have pointed out, Olsen has alleged a claim for an intentional tort, which is governed by a one-year limitations period. The complaint also states a prima facie case for intentional infliction of emotional distress, i.e., that defendants intentionally or recklessly engaged in intolerable and outrageous conduct that caused Olsen severe mental or emotional distress. *See Retherford v. AT & T Communications,* 844 P.2d 949, 975 (Utah 1992); *see also Samms v. Eccles,* 11 Utah 2d 289, 293, 358 P.2d 344, 346–47 (1961). That cause of action falls within the residual four-year limitations period set forth in § 78–12–25(3).[1] *See, e.g., Retherford,* 844 P.2d at 975.

■ Ordinarily, a limitations period begins to run when the cause of action accrues. A cause of action accrues when the last event necessary to complete the legal claim occurs. *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981). With few exceptions, the statute of limitations for a cause of action that accrues during a plaintiff's minority, or incompetency, is tolled until the plaintiff reaches the age of majority or regains competency. Utah Code Ann. § 78–12–36 provides:

> If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either under the age of majority or

mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

■ Olsen argues that the repression of her memory rendered her mentally incompetent as that term is used in § 78–12–36 and that the limitations period was tolled until she recalled the abuse. This Court addressed the meaning of "mentally incompetent" in *O'Neal v. Division of Family Services,* 821 P.2d 1139 (Utah 1991). There, the Court held that a plaintiff is mentally incompetent for purposes of § 78–12–36 when the mental disability is such that the plaintiff cannot manage his or her business affairs or estate or comprehend his or her legal rights or liabilities. A plaintiff is also mentally incompetent when he or she is incapable of caring for his or her personal safety and providing for basic human needs such as food, shelter, and clothing. *Id.* at 1142.

The plaintiff in *O'Neal* alleged that he had been sexually abused as a child and that although he had not repressed his memory, the effects of the abuse made him incompetent to reveal that fact within the limitations period. We rejected that argument and explained that tolling statutes based on mental incompetency were enacted for the benefit of those " 'who are unable to protect their legal rights because of an overall inability to function in society.' " *Id.* (quoting *McCarthy v. Volkswagen of Am. Inc.,* 55 N.Y.2d 543, 450 N.Y.S.2d 457, 435 N.E.2d 1072 (1982)). Because the plaintiff provided for himself, attended junior college, and had a solid work history, the Court held that he was not mentally incompetent for purposes of the tolling statute. *Id.; see also Whatcott v. Whatcott,* 790 P.2d 578, 580 (Utah Ct.App.1990).

Olsen has not alleged any facts demonstrating that she suffered from a disability

---

1. A cause of action, such as intentional infliction of emotional distress, that is not subject to a specific statutory limitations period is governed by the residual four-year limitations period found in § 78–12–25(3). *Thomas v. Union Pac. R.R.,* 1 Utah 235, 236 (1876); *see also* Utah Code Ann. § 78–12–1; *Retherford v. AT & T Communications,* 844 P.2d 949, 975 (Utah 1992); *St. Mi-* *chelle v. Robinson,* 52 Wash.App. 309, 759 P.2d 467, 470 (1988). Intentional infliction of emotional distress, although traditionally viewed as an intentional tort, is not one of the torts enumerated in § 78–12–29(4) that have a one-year limitations period, and therefore falls within the residual statute of limitations. *See Retherford,* 844 P.2d at 975.

preventing her from managing her affairs or providing for her basic needs. Indeed, Olsen admits that in addition to managing her own affairs, she has cared for her children and the children of others, taught crafts to others, and, in her own words, "lived an active and enjoyable life." Although Olsen has alleged that she was severely emotionally and psychologically impaired after she recalled the abuse, this impairment came after the period that Olsen argues should be tolled. In short, nothing indicates that during the time in question, Olsen was "unable to protect [her] legal rights because of an overall inability to function in society." *O'Neal,* 821 P.2d at 1142; *see, e.g., Hildebrand v. Hildebrand,* 736 F.Supp. 1512, 1524–25 (S.D.Ind. 1990). The statute of limitations, therefore, cannot be tolled due to mental incompetency.

 Olsen next argues that the discovery rule tolled the statute of limitations during the time she psychologically repressed her memory of the sexual abuse. Under the discovery rule, a statute of limitations does not begin to run until the plaintiff learns of, or in the exercise of reasonable diligence should have learned of, the facts that give rise to the cause of action. *Klinger v. Kightly,* 791 P.2d 868, 869 (Utah 1990); *Myers v. McDonald,* 635 P.2d 84, 86–87 (Utah 1981); *see also Foil v. Ballinger,* 601 P.2d 144, 147 (Utah 1979).

 The discovery rule may apply under one of the following circumstances: (1) When the Legislature has adopted the rule by statute;[2] (2) when a defendant conceals the existence of facts giving rise to knowledge of a course of action; or (3) when application of the statute of limitations would be irrational or unjust where, because of exceptional circumstances, a plaintiff has no knowledge of the cause of action until after it is barred by the limitations period. *Klinger,* 791 P.2d at 872; *Myers,* 635 P.2d at 86. Olsen argues that the circumstances of her case are exceptional, thus requiring application of the discovery rule.

In *Myers v. McDonald,* 635 P.2d 84, 87 (Utah 1981), we held that exceptional circumstances requiring application of the discovery rule existed when the plaintiffs were unaware of the facts giving rise to their cause of action. The plaintiffs did not become aware of the death of their ward until after the limitations period for a wrongful death action had expired. We held that the policy against stale claims was outweighed by the unique circumstances of the plaintiffs' hardship. Any problems of proof realized by the defendant because of the delay in bringing the action were no greater than those faced by the plaintiffs. Furthermore, if the plaintiffs were barred from bringing their action, "the law would be in the untenable position of having created a remedy for plaintiffs and then barring them from exercising it before they had any practical opportunity to do so." *Id.; see also Klinger,* 791 P.2d at 872; *cf. Horton v. Goldminer's Daughter,* 785 P.2d 1087 (Utah 1989).

In a practical sense, a person who has completely repressed the memory of facts giving rise to a cause of action is no more consciously aware of those facts than were the plaintiffs in *Myers. See Evans v. Eckelman,* 216 Cal.App.3d 1609, 265 Cal.Rptr. 605, 611 (1990). Memory repression is a psychological process that actively prevents a memory from being recalled. Repression goes beyond mere forgetting and cannot be ascribed to a lack of diligence on the part of the plaintiff. Repressing the memory of operative facts is, in effect, not knowing or being aware of those facts. As in *Myers,* it would be unfair to bar Olsen's action before she had an opportunity to assert it.

Olsen alleges that long before reaching the age of majority, she coped with the trauma of sexual abuse by walling off and blocking out all memory of abuse, even as the abuse occurred. She asserts that until recently she was not consciously aware she had been sexually abused while living in the Hooley home. Olsen submitted the affidavit of an expert

---

2. In 1992, the Legislature adopted the discovery rule in child sexual abuse cases. Utah Code Ann. § 78–12–25.1. Olsen cannot rely on this statute, however, because she filed her claim before the statute became operative.

witness stating that her memory loss was caused by dissociation, a mental process that occurs when a person is subjected to such unbearable stress that the conscious mind is not able to process the pain and violent emotions caused by the trauma. According to the affidavit, the dissociation resulted from severe emotional trauma caused by the repeated sexual abuse by Mr. Hooley and his sons. The repression or loss of memory alleged in this case was not due in any way to inattention, mere forgetting, or a lack of diligence by Olsen. In our view, these facts are sufficient to require application of the discovery rule in this case.

A substantial majority of courts that have addressed this issue have held that the repression of memories of childhood sexual abuse tolls the applicable statute of limitations. *See, e.g., Johnson v. Johnson,* 701 F.Supp. 1363, 1369–70 (N.D.Ill.1988); *Evans v. Eckelman,* 216 Cal.App.3d 1609, 265 Cal. Rptr. 605, 610 (1990); *Mary D. v. John D.,* 264 Cal.Rptr. 633, 639 (1989), *rev. granted,* 788 P.2d 1155 (Cal.), *rev. dismissed and cause remanded,* 800 P.2d 858 (Cal.1990); *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d 606, 607 (1988); *Hammer v. Hammer,* 142 Wis.2d 257, 418 N.W.2d 23 (Ct.App.1987); *cf. Callahan v. State,* 464 N.W.2d 268 (Iowa 1990) (discovery rule applied when child victim knew of sexual abuse, but victim's mother did not learn of it until a later date); *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18, 23 (1990) ("[W]here the fact of abuse is clearly and convincingly corroborated, we perceive no compelling need or policy which justifies the intervention of a period of limitations to eliminate the right of [a victim of child sexual abuse] to recover against [the abuser]."). *But see Lindabury v. Lindabury,* 552 So.2d 1117, 1118 (Fla.Dist.Ct.App. 1989), *cause dismissed,* 560 So.2d 233 (Fla.

1990) (per curiam); *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226, 229 (1986).[3]

We emphasize that this case involves a plaintiff who alleges that she totally repressed her memory; it does not involve a plaintiff who remembered the abuse but did not realize until later that the abuse caused the psychological harm suffered. *See, e.g., Hildebrand v. Hildebrand,* 736 F.Supp. 1512 (S.D.Ind.1990) (declined to adopt discovery rule but allowed plaintiff to bring cause of action under different theory); *DeRose v. Carswell,* 196 Cal.App.3d 1011, 242 Cal.Rptr. 368 (1987) (overruled by Cal.Civ.P.Code § 340.1 (Deering 1990)); *E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d 817 (1988) (overruled by Mont.Code Ann. § 27–2–216 (1989)); *Lovelace v. Keohane,* 831 P.2d 624, 630 (Okla. 1992); *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986) (overruled by Wash.Rev. Code § 4.16.340 (1988)). *But see Simmons v. United States,* 805 F.2d 1363, 1367–68 (9th Cir.1986); *Osland v. Osland,* 442 N.W.2d 907, 909 (N.D.1989); *Hammer v. Hammer,* 142 Wis.2d 257, 418 N.W.2d 23 (Wis.Ct.App. 1987). This case is also distinguishable from *O'Neal v. Division of Family Services,* 821 P.2d 1139, 1144 (Utah 1991), where the plaintiff recalled the abuse but was psychologically unable to reveal it.

We recognize that this kind of case presents practical difficulties with respect to ascertaining the degree to which memories allegedly repressed and then revived accurately reflect the reality of the past. It is common knowledge that memory is not only elastic but malleable, thus raising the possibility that revived memories, even if true, are not entirely accurate. *See State v. Long,* 721 P.2d 483, 487–92 (Utah 1986).[4] Moreover, questions may be raised with respect to therapeutic methodologies used to revive memories because they may induce memories of

---

3. For an in-depth discussion of the discovery rule in sexual abuse cases, see Ann M. Hagen, Note, *Tolling the Statute of Limitations for Adult Survivors of Childhood Sexual Abuse,* 76 Iowa L.Rev. 355 (1991); Carolyn B. Handler, Note, *Civil Claims of Adults Molested as Children: Maturation of Harm and the Statute of Limitations Hurdle,* 15 Fordham Urban L.J. 709 (1987); Melissa G. Salten, Note, *Statutes of Limitations in Civil*

*Incest Suits: Preserving the Victim's Remedy,* 7 Harv.Women's L.J. 189 (1984).

4. *See generally* Stewart, *Perception, Memory, and Hearsay: A Criticism of Present Law and the Proposed Federal Rules of Evidence,* 1970 Utah L.Rev. 1, 8–22.

events that never happened. The concern with respect to the reliability of memories revived in therapy is a matter of some scholarly debate. *See* Elizabeth F. Loftus, *The Reality of Repressed Memories,* 48 Am.Psychologist 518 (May 1993).

Because of the dearth of empirical scientific evidence regarding the authenticity and reliability of revived memories, *id.,* the inherent reliability and admissibility of expert witness testimony regarding memory repression and revival may be an issue that will have to be reached at trial. *See State v. Rimmasch,* 775 P.2d 388, 397–404 (Utah 1989); *Kofford v. Flora,* 744 P.2d 1343, 1346–56 (Utah 1987); *Phillips v. Jackson,* 615 P.2d 1228, 1233–35 (Utah 1980). We cannot resolve this issue now because it is not before us. Because of concerns about the reliability of memory in general to events that occurred long ago, apart from repression, and the difficulty of defending against claims of revived memories of sexual abuse, we think it necessary to require that a plaintiff who alleges repression of memory as a basis for tolling the statute of limitations produce corroborating evidence in support of the allegations of abuse. *See, e.g., Nicolette v. Carey,* 751 F.Supp. 695, 699–700 (W.D.Mich.1990); *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d 606, 610 (1988).[5] Corroborating evidence may include, but is not limited to, evidence that a defendant committed similar acts against other persons or evidence of contemporaneous physical manifestations of the abuse.

Although we have held that the discovery rule applies to this action, Olsen still bears the burden of proving at trial that she did in fact repress a memory of actual facts. If the trier of fact determines that Olsen did repress her memory, it must then determine whether there is evidence corroborating the abuse. If the fact finder finds for Olsen on these issues, it must then ascertain at what point Olsen recalled the abuse. It is at that point that the limitations period began to run. Olsen claims that she began having nightmares and flashbacks in 1988 but that it was not until 1990 that she realized these flashbacks were actually memories. If the trier of fact finds that Olsen recalled the abuse in 1988, her claim asserting an intentional tort is barred by the one-year limitations period. If, however, Olsen did not recall the abuse until 1990, both the claim for an intentional tort and the claim for intentional infliction of emotional distress were timely filed.

Finally, Olsen alleges that some abuse occurred when she was nineteen, after she reached the age of majority. Defendants allege that this demonstrates that she recalled the abuse after she turned eighteen and that the statute of limitations began to run at that time. Olsen asserts that she repressed the memory of the abuse as it occurred and was not conscious of the abuse until much later. If so, the discovery rule applies until she recalled the abuse. This issue raises a factual dispute that the trier of fact must resolve.

Reversed and remanded.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

---

5. The requirement of corroborative evidence is a familiar concept in the law. *See* John H. Wigmore, *Wigmore on Evidence,* § 1141 (1972) (paternity actions); Utah Code Ann. § 77–31–18 (1978) (conviction based on accomplice testimony) (superseded by § 77–17–7 (1980)); Utah R.Evid. 804(b)(3) (statements incriminating declarant and exculpating accused).