Randy BURKHOLZ, Plaintiff, Appellant
and Cross–Appellee,

v.

Jack A. JOYCE and Granite School District, a political subdivision of the State of Utah, Defendants, Appellees, and Cross–Appellants.

No. 970252.

Supreme Court of Utah.

Aug. 14, 1998.

Kathleen M. McConkie, Salt Lake City, for plaintiff.

Mary C. Corporon, Salt Lake City, for defendant.

Brent A. Burnett, Assistant Attorney General, Camille N. Johnson, Judith D. Wolferts, Salt Lake City, for Granite School District.

ZIMMERMAN, Justice:

Pursuant to Rule 41 of the Utah Rules of Appellate Procedure, the following question of law has been certified for decision from the United States District Court for the District of Utah: "Whether the exceptional circumstances version of the discovery rule tolls the applicable statute of limitations, where, during the limitations period, the plaintiff's knowledge of the operative facts underlying his cause of action is interrupted by a period of psychological repression during which plaintiff is unaware of such facts." We answer the certified question in the negative.

We first set forth the facts and procedural history of this case before turning to our analysis. On February 28, 1996, Randy Burkholz ("Burkholz") filed suit against Jack Joyce ("Joyce") and the Granite School District ("the School District"), alleging that

from 1981 to 1988, Joyce, a teacher in the School District, continually sexually abused Burkholz, a student in the School District.[1] Burkholz filed the complaint in state court but it was later removed to the United States District Court for the District of Utah where it was assigned to the Honorable Tena Campbell. Judge Campbell then assigned the case to Magistrate Judge Ronald Boyce for the handling of certain pretrial matters. Because Joyce's alleged abuse of Burkholz ended nearly ten years before the complaint was filed, Judge Boyce directed that initial proceedings be confined to the issue of whether Burkholz's claims were barred by the expiration of applicable statutes of limitations.

After the parties conducted discovery on the statute of limitations issue, the School District and Joyce moved for summary judgment on the ground that the applicable statutes of limitations barred Burkholz's claims. Burkholz, however, maintained that the limitations periods were tolled by minority, mental disability, and the discovery rule. In ruling on the summary judgment motion, the district court found as follows: (1) the statute which tolls the limitations period for periods of minority and mental incompetency[2] was not applicable; (2) Utah Code Ann. § 78–12–25.1, which sets forth the statute of limitations in cases involving the sexual abuse of a child, was inapplicable because it is not retroactive; (3) there was no evidence of either concealment or misleading conduct to warrant the application of the discovery rule; and (4) even viewing the evidence in the light most favorable to Burkholz, he was aware of the operative facts underlying his claims when he reached the age of eighteen, and his knowledge of those facts continued for approximately nineteen months thereafter.

Based on these findings, the district court granted the summary judgment motions as to all claims governed by a one-year statute of limitations. These included Burkholz's assault, battery, false imprisonment, and seduction claims. However, as to all the claims governed by a four-year statute, it certified the question set forth above.

 Turning to our analysis, we first emphasize the procedural posture of the case. In both his opening and reply briefs, Burkholz has attempted to reargue the facts as found by the federal district court. In particular, he argues that because of the psychological processes of repression and dissociation, he was never really aware of the facts underlying his cause of action at the age of majority. However, the district court made a factual determination that Burkholz was aware of the fact of his abuse for approximately nineteen months after he turned eighteen. In answering a question on certification from the district court, we do not refind the facts; we simply answer the certified question of law. *See Hansen v. Sea Ray Boats, Inc.*, 830 P.2d 236, 239 (Utah 1992) (noting that state court will not consider facts presented to it on certification where federal court already made factual findings).

 In answering the certified question, we first set forth some of the basic principles governing the operation of statutes of limitations. In general, statutes of limitations begin running upon the happening of the last event necessary to complete the cause of action. *See Walker Drug Co. v. La Sal Oil Co.*, 902 P.2d 1229, 1231 (Utah 1995). However, in certain circumstances "the discovery rule may operate to toll the period of limitations 'until the discovery of the facts forming the basis for the cause of action.'" *Id.* (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)).

---

**1.** Burkholz asserted claims against Joyce for negligence, breach of fiduciary duty, violation of civil rights pursuant to 42 U.S.C. § 1983, violations of governmental ethics, and various intentional torts including assault and battery, intentional infliction of emotional distress, false imprisonment, sexual assault, sexual abuse, child abuse, kidnaping a child, rape of a child, sodomy on a child, seduction of a child, and molestation of a child. Against the School District Burkholz asserted claims for negligence, aiding and abetting, conspiracy, failure to report, breach of contract, violation of civil rights pursuant to 42 U.S.C. § 1983, and violations of the Utah Governmental Ethics Act.

**2.** *See* Utah Code Ann. § 78–12–36 (1996).

The discovery rule is a judicially created doctrine that permits a party to avoid the general principle that a cause of action accrues and the relevant statute begins to run "upon the happening of the last event necessary to complete the cause of action [and that] mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations." Under the discovery rule, "the limitations period does not begin to run until the discovery of facts forming the basis for the cause of action."

*O'Neal v. Division of Family Servs.*, 821 P.2d 1139, 1143 (Utah 1991) (quoting *Myers*, 635 P.2d at 86). We have recognized three situations in which the discovery rule applies:

"(1) in situations where the discovery rule is mandated by statute; (2) in situations where the plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action."

*Walker Drug*, 902 P.2d at 1231 (quoting *Warren v. Provo City Corp.*, 838 P.2d 1125, 1129 (Utah 1992)).

█ In this case, the district court determined that neither of the first two situations applied. Burkholz argued, however, that the exceptional circumstances version of the discovery rule applied because his repression of the sexual abuse brought his case within the ambit of our decision in *Olsen v. Hooley*, 865 P.2d 1345 (Utah 1993). In *Olsen*, we held that where the plaintiff "totally repressed her memory" until twelve years after the last incident of abuse, the exceptional circumstances version of the discovery rule applied. *Id.* at 1349. Although the district court recognized that Burkholz's case differed from *Olsen* due to his knowledge of the operative facts underlying his claims it nonetheless presented us with the question of whether some version of the discovery rule might apply in order to avoid shortening the operative period of the statute of limitations governing Burkholz's claims from four years to nineteen months. However, in our view, the discovery rule simply does not apply where the plaintiff, at some point during the limitations period, has knowledge of the facts underlying his claim.

In an unbroken line of cases dealing with the application of the discovery rule we have made it very clear that:

Before a period of limitations may be tolled under the [exceptional circumstances] version[ ] of the discovery rule, *an initial showing must be made that the plaintiff did not know and could not reasonably have discovered the facts underlying the cause of action in time to commence an action within that period.*

*Walker Drug*, 902 P.2d at 1231 (emphasis added); *see also O'Neal*, 821 P.2d at 1144 (stating that ignorance of facts giving rise to cause of action is prerequisite to application of discovery rule); *Olsen*, 865 P.2d at 1350 (holding that limitations period begins to run at point plaintiff recalls abuse). Nineteen months of knowledge provided Burkholz with more than sufficient time to commence an action within the limitations period. In making this decision we in no way mean to discount the trauma Burkholz has suffered. However, as we said in *O'Neal*, "we find ourselves constrained by the policy underlying the statute of limitations and principles underlying the discovery rule's narrow exception to the statute of limitations and conclude that under these circumstances, no other result is tenable." 821 P.2d at 1145.

In light of the foregoing, we answer the certified question in the negative.

HOWE, C.J., DURHAM, Associate C.J., and STEWART and RUSSON concur in Justice ZIMMERMAN's opinion.