2004 UT App 436

Charles Matthew COLOSIMO, an individual; and Ralph Louis Colosimo, an individual, Plaintiffs and Appellants,

v.

ROMAN CATHOLIC BISHOP OF SALT LAKE CITY dba Catholic Diocese of Salt Lake City, a Utah corporation sole; Archdiocese of San Francisco, a foreign entity; Oblates of St. Francis de Sales, a foreign entity; Judge Memorial High School Board of Financial Trustees, a Utah corporation; James F. Rapp, an individual; Thomas P. O'Neill, an individual; Francis J. Gross, an individual; W. Ivan Cendese, an individual; John Does I–V, individuals and/or entities, Defendants and Appellees.

No. 20030793–CA.

Court of Appeals of Utah.

Nov. 26, 2004.

Christian J. Cannon and Larry R. Keller, Cohne Rappaort & Segal, Salt Lake City, for Appellants.

Matthew F. McNulty III, Tacy A. Hartman, Mark A. Wagner, Van Cott Bagley Cornwall & McCarthy, Tim Dalton Dunn, Stephen D. Alderman, Dunn & Dunn, Russell C. Fericks, and Mark L. McCarty, Richards Brandt Miller & Nelson, Salt Lake City, for Appellees.

Before Judges DAVIS, JACKSON, and THORNE, Jr.

## OPINION

DAVIS, Judge:

¶ 1 Ralph and Charles Colosimo (collectively, Plaintiffs) appeal a trial court order dismissing with prejudice their claims against the Roman Catholic Bishop of Salt Lake City, doing business as the Catholic Diocese of Salt Lake City; the Archdiocese of San Francisco; the Oblates of St. Francis de Sales; Judge Memorial High School Board of Financial Trustees; Thomas P. O'Neill; Francis J. Gross; and W. Ivan Cendese (collectively, Defendants). We affirm.

## BACKGROUND

¶ 2 On February 18, 2003, Plaintiffs filed their complaint asserting causes of action against Defendants for aggravated sexual assault and battery, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, invasion of privacy, breach of fiduciary duty, fraud, and false imprisonment. Plaintiffs sought both general and punitive damages. Each of Plaintiffs' claims stemmed from being sexually abused by James F. Rapp in the early 1970s.

¶ 3 Prior to either party conducting discovery, all of the Defendants, except Rapp,[1] filed motions to dismiss pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure, or in the alternative, motions for summary judgment pursuant to rule 56 of the Utah Rules of Civil Procedure. In response, Plaintiffs filed a supplemental memorandum and an alternative motion to allow discovery prior to considering Defendants' motions to dismiss and/or, if necessary grant Plaintiffs leave to amend their complaint. However, after considering the pleadings, memoranda, supporting and counter-affidavits submitted by the parties, and arguments of counsel, the trial court treated Defendants' dismissal motions as motions for summary judgment. The court identified the undisputed material facts, determined as a matter of law that the statutes of limitation had run against Plaintiffs' claims, and dismissed their complaint with prejudice.

¶ 4 The following facts were undisputed. Plaintiffs claim that Rapp sexually abused them at different times between 1970 and 1975. Plaintiffs allege that Rapp abused Ralph Colosimo sometime prior to the beginning of Ralph's senior year at Judge Memorial High School in late 1970 and early 1971 and continued to abuse Ralph throughout his senior year and afterward. Ralph turned eighteen years old on September 20, 1971. Plaintiffs further allege that Rapp abused Charles Colosimo from 1972 through 1975. Charles turned eighteen years old on September 22, 1979. At the time of the alleged abuse, Rapp was a member of the Oblates of St. Francis de Sales, and a teacher, priest, and staff member of Judge Memorial High School.

¶ 5 Plaintiffs knew at the time they were allegedly abused by Rapp that they had been abused and that they had suffered injury as a result. Charles was aware of the abuse at the time it occurred and at the time he reached the age of majority—he claims he "has never forgotten what happened to him." Although Ralph claims that he "repressed all memory of many instances of the abuse [he]

suffered at the hands of Rapp," he does not contend that he repressed every occurrence of abuse. In their complaint, Plaintiffs noted the "obvious physical and emotional harm that resulted immediately" from Rapp's abuse of Ralph. Further, at some time in 1975, Rapp admitted to Ralph that he was a pedophile and that he was abusing Charles. Plaintiffs have known since they were allegedly abused that Rapp was an Oblate, a priest, and a teacher at Judge Memorial High School. Although Plaintiffs knew they had been injured by Rapp, they made no inquiry into Defendants' knowledge of or responsibility for the abuse during the limitations period. Plaintiffs asserted that they did not suspect that Defendants had any prior knowledge about Rapp's actions or that Defendants could have protected them from Rapp's abuse until May 2002, when the Washington Post published an article documenting Rapp's history of abuse.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Plaintiffs generally argue that the trial court erred by granting summary judgment in favor of Defendants. We review the trial court's grant of summary judgment for correctness and give no deference to the trial court's application of the law. *See Whatcott v. Whatcott*, 790 P.2d 578, 580 (Utah Ct.App. 1990).

¶ 7 More specifically, Plaintiffs assert that the court applied an incorrect legal standard when it dismissed Plaintiffs' claim. The articulation of a proper legal standard is a question of law, which we review for correctness. *See In re Adoption of B.T.D.*, 2003 UT App 99, ¶ 13, 68 P.3d 1021.

¶ 8 Further, Plaintiffs argue that the trial court wrongly ruled that the statutes of limitation had run against Plaintiffs' claims. "The applicability of a statute of limitations and the applicability of the discovery rule are questions of law, which we review for correctness." *Spears v. Warr*, 2002 UT 24, ¶ 32, 44 P.3d 742. "[T]he applicability of the statute of limitations and the discovery

---

**1.** Rapp failed to enter an appearance or file an answer, and the court entered a default judgment against him.

rules also involves a subsidiary factual determination—the point at which a person reasonably should know that he or she has suffered a legal injury." *Id.* We incorporate "a clearly erroneous standard of review for the subsidiary factual determination of when the plaintiffs should have known of their alleged legal injuries." *Id.*

¶ 9 Finally, Plaintiffs claim that the trial court's application of the statutes of limitation violated their rights guaranteed by the open courts, due process, equal protection, and trial by jury provisions of the Utah and United States Constitutions. Constitutional challenges to the application of statutes present questions of law, which we review for correctness. *See State v. Green,* 2004 UT 76, ¶ 42, 99 P.3d 820.

## ANALYSIS

### I. Correct Legal Standard

¶ 10 Notwithstanding the fact that the trial court identified the undisputed material facts and determined that, based upon those facts, Defendants were entitled to judgment as a matter of law, Plaintiffs argue that the court applied an incorrect legal standard when it considered Defendants' summary judgment motions. We conclude that the trial court did not apply an incorrect standard for summary judgment, which has been well established by rule. *See* Utah R. Civ. P. 56(c).

¶ 11 Rule 56(c) of the Utah Rules of Civil Procedure provides, in part,

The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Plaintiffs argue that the standard applied by the trial court was whether Plaintiffs "would be entitled to present evidence at all in this matter." Plaintiffs have taken this language from the trial court's memorandum decision, wherein the trial court stated, "In reviewing these Motions to Dismiss, the [c]ourt has not looked at whether the [P]laintiffs would ultimately prevail if this matter were to be tried,

but whether they would be entitled to present evidence at all in this matter."

¶ 12 Plaintiffs' claim is both unclear and without merit. First, Plaintiffs argue that the standard applied by the trial court runs contrary to the standard applied in cases granting motions to dismiss under Utah Rule of Civil Procedure 12(b)(6). However, the trial court clearly treated Defendants' motions as motions for summary judgment under rule 56 of the Utah Rules of Civil Procedure; therefore, any references to the standards under rule 12(b)(6) are irrelevant.

¶ 13 Plaintiffs further argue that the standard applied by the trial court in a summary judgment context ignores the court's responsibility to view all the facts and reasonable inferences drawn from them in a light most favorable to the nonmoving party. *See Breiggar Props., L.C. v. H.E. Davis & Sons, Inc.,* 2002 UT 53, ¶ 2, 52 P.3d 1133. Assuming the language cited from the court's memorandum decision established the standard under which the court evaluated Defendants' motions, that language must be read together with the sentence that preceded it. In that sentence, the trial court recognized that "[P]laintiffs' [c]omplaint in this matter should not be dismissed unless it appears that the [P]laintiffs can prove no set of facts in support of their claims that would entitle them to relief." This standard is even higher than the standard argued by Plaintiffs and is not inconsistent with the standard set out in rule 56(c).

¶ 14 Plaintiffs also argue that the trial court failed to rule on their rule 56(f) motion and their motion to amend their complaint. However, under the facts and circumstances of this case, the trial court denied Plaintiffs' motions by necessary implication when it granted Defendants' motions for summary judgment. The subject matter of Plaintiffs' motions for discovery and to amend, their memoranda in opposition to Defendants' motions for summary judgment, together with their arguments at the motions hearing, addressed essentially the same issues as Defendants' motions for summary judgment. *Cf. State v. Norris,* 2002 UT App 305, ¶ 8, 57 P.3d 238 (determining that "[w]here there is no final written order disposing of a motion, and

no appeal could otherwise ensue, a judgment inconsistent with the motion can dispose of the motion by necessary implication for purposes of granting this court jurisdiction").

¶ 15 We determine, therefore, that Plaintiffs fail to demonstrate that the court applied an incorrect standard in granting summary judgment in favor of Defendants, and further that the court denied Plaintiffs' motions by necessary implication.

## II. Statutes of Limitation

¶ 16 Plaintiffs argue that the trial court erred by ruling as a matter of law that the statutes of limitation had run against their claims because the court must first decide questions of fact before applying the statutes of limitation. We conclude that, based upon the undisputed material facts in this matter, the trial court correctly ruled that the statutes of limitation operated to bar Plaintiffs' claims.

¶ 17 The statutes of limitation applicable to Plaintiffs' claims range from one to four years. *See* Utah Code Ann. §§ 78–12–25(3), –26(3), –29(4) (2002). Even if we apply the longest statute of limitations to each of Plaintiffs' claims, we nonetheless conclude that each of those claims is time-barred.

¶ 18 "[T]he general rule is that a cause of action accrues upon the happening of the last event necessary to complete the cause of action." *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981). Moreover, "mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations." *Id.* Causes of action that accrue during minority, however, are tolled until the plaintiff reaches the age of eighteen. *See* Utah Code Ann. § 78–12–36 (2002); *Whatcott v. Whatcott*, 790 P.2d 578, 580 (Utah Ct.App.1990).

¶ 19 Plaintiffs were both minors when Rapp allegedly began to abuse them. Plaintiffs allege that Rapp abused Charles from 1972 through 1975. The statutes of limitation on his claims were tolled until he reached the age of eighteen. *See* Utah Code

Ann. § 78–12–36; *Whatcott*, 790 P.2d at 580. Therefore, the statutes of limitation began to run on Charles's claims on September 22, 1979. Ralph turned eighteen years old on September 20, 1971, but in his case, the abuse continued past his eighteenth birthday. Rapp's abuse of Ralph ended sometime before the end of 1975.[2] Therefore, the statutes of limitation began to run on his claims sometime before 1976. Based upon the undisputed facts in this matter, we determine that, under a four-year statute of limitations, Charles's claims expired in 1983, and Ralph's claims expired sometime before 1980.

### A. Discovery Rule

¶ 20 Plaintiffs assert that the statutes of limitation should be tolled under the discovery rule because they did not know and could not reasonably have known the factual basis giving rise to Defendants' complicity in Rapp's abuse until May 2002, when the Washington Post published an article detailing Rapp's history of abuse. "[I]n certain circumstances the discovery rule may operate to toll the period of limitations until the discovery of the facts forming the basis for the cause of action." *Burkholz v. Joyce*, 972 P.2d 1235, 1236 (Utah 1998) (quotations and citation omitted). "Under the discovery rule, a statute of limitations does not begin to run until the plaintiff learns of, or in the exercise of reasonable diligence should have learned of, the facts that give rise to the cause of action." *Olsen v. Hooley*, 865 P.2d 1345, 1348 (Utah 1993). The Utah Supreme Court has recognized three situations in which the discovery rule applies:

(1) in situations where the discovery rule is mandated by statute; (2) in situations where the plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

2. Plaintiffs allege that Rapp abused Ralph sometime prior to the beginning of Ralph's senior year at Judge Memorial High School in late 1970 and early 1971, and continued to abuse him throughout his senior year and afterward, but not after 1975.

*Burkholz,* 972 P.2d at 1237 (quotations and citation omitted). However, in *O'Neal v. Division of Family Services,* 821 P.2d 1139 (Utah 1991), the court pointed out that a plaintiff's obligation to "make a threshold showing· that he or she did not know and could not reasonably have known of the existence of a cause of action ... would seem a definitional prerequisite to reliance on any version of the discovery rule, judicial or legislative." *Id.* at 1144. We conclude that Plaintiffs' claims do not fall within any of the recognized situations in which the discovery rule is applicable because Plaintiffs could have brought their claims within the limitation periods based upon the available undisputed facts.

### 1. Statutory Discovery Rule

¶ 21 We first address application of the discovery rule as mandated by statute. Plaintiffs' fraud claim is their only claim that entails statutory application of the discovery rule. Section 78–12–26(3) of the Utah Code provides that in claims of fraud or mistake "the cause of action ... does not accrue until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Utah Code Ann. § 78–12–26(3).

¶ 22 Defendants argue that Plaintiffs have failed to allege the essential elements of fraud so as to invoke the statutory discovery rule. We determine that even if Plaintiffs sufficiently stated a claim for fraud, that claim is nonetheless barred by the statute of limitations and is not tolled by the discovery rule. Plaintiffs' fraud claim is based upon the relationship between Rapp and the other Defendants. In their complaint, Plaintiffs argue that by hiring Rapp and holding him out as a worthy priest and teacher, Defendants gave Rapp their "stamp of approval." According to Plaintiffs, this "stamp of approval" was a material misrepresentation.

¶ 23 This claim, however, is barred by the statute of limitations because the allegations in the fraud claim underscore the undisputed fact that Plaintiffs had sufficient knowledge to bring a cause of action within the limitation periods. In their complaint Plaintiffs stated, "Plaintiffs did in fact reasonably rely on [Defendants'] fraud and accepted Rapp as a priest, teacher, and community leader sanctioned by all Defendants." Plaintiffs knew they were injured by Rapp and they knew of his relationship with the other Defendants; therefore, rather than relying on the discovery rule, Plaintiffs were required, after turning eighteen years old, to exercise reasonable diligence in discovering the facts that gave rise to their cause of action. *See Olsen,* 865 P.2d at 1348; *O'Neal,* 821 P.2d at 1144.

### 2. Fraudulent Concealment

¶ 24 Based upon the same allegations contained in their fraud claim, Plaintiffs argue that the statutes of limitation should be tolled under the fraudulent concealment version of the discovery rule. However, Plaintiffs have failed to demonstrate how any fraudulent concealment by Defendants would have prevented them from bringing their claim within the limitation periods. The court in *Burkholz* made clear that "the discovery rule simply does not apply where the plaintiff, at some point during the limitations period, has knowledge·of the facts underlying his claim." 972 P.2d at 1237. Even if Defendants somehow concealed facts related to their knowledge of Rapp's abuse, those facts would not require application of the discovery rule because they would not reveal any facts necessary for Plaintiffs to bring their claims. The undisputed material facts already on the record are sufficient to demonstrate that Plaintiffs were aware of the facts giving rise to their cause of action during the limitation periods. In addition to knowing Rapp's relationship to Defendants, Plaintiffs knew at the time they were allegedly abused by Rapp that they had been abused and that they had suffered injury as a result. Charles was aware of the abuse at the time it occurred and at the time he reached the age of majority—he claims he "has never forgotten what happened to him." Although Ralph claims that he "repressed all memory of many instances of the abuse [he] suffered at the hands of Rapp," he does not contend that he repressed every occurrence of abuse. In their complaint, Plaintiffs noted the "obvious physical and emotional harm that resulted immediately" from Rapp's abuse of Ralph. Further, at some time in 1975, Rapp admit-

ted to Ralph that he was a pedophile and that he was abusing Charles. Plaintiffs have known since they were allegedly abused that Rapp was an Oblate, a priest, and a teacher at Judge Memorial High School.

### 3. Exceptional Circumstances

¶ 25 We also determine that Plaintiffs' claim does not fall within the exceptional circumstances version of the discovery rule. The discovery rule may be applied in exceptional circumstances where application of the statutes of limitation would be irrational or unjust. *See O'Neal,* 821 P.2d at 1143. However,

> [b]efore a period of limitations may be tolled under the [exceptional circumstances] version[ ] of the discovery rule, an initial showing must be made that the plaintiff did not know and could not reasonably have discovered the facts underlying the cause of action in time to commence an action within that period.

*Burkholz,* 972 P.2d at 1237 (second and third alterations in original) (quotations, citations, and emphasis omitted).

¶ 26 In *O'Neal,* the court determined that the exceptional circumstances version of the discovery rule did not apply because the plaintiff was aware of the sexual abuse, *see* 821 P.2d at 1144, and "at all times possessed knowledge of all the facts necessary to bring a claim. Any failure to bring a claim [was the] result of [the plaintiff's] own inaction." *Id.* at 1145. The court noted that "this [was] not a case where the victim has so repressed the memory of the events that he or she has forgotten they occurred." *Id.*

¶ 27 Like the court in *O'Neal,* we decline to apply the exceptional circumstances version of the discovery rule to Plaintiffs' claims because, as we have explained above, the undisputed facts demonstrate that Plaintiffs have at all times known or reasonably could have discovered the facts necessary to pursue their claims.

¶ 28 The matter before this court is unlike those cases in which courts have applied the discovery rule under the exceptional circumstances version thereof. For example, in *Myers v. McDonald,* 635 P.2d 84 (Utah

1981), the plaintiffs could not have brought their wrongful death action during the limitations period because "they had no knowledge of the death of their ward within that period." *Id.* at 85. "[The p]laintiffs therefore had no alternative other than to bring their action after the statutory limitation period had expired." *Id.* at 87. Similarly, in *Klinger v. Kightly,* 791 P.2d 868 (Utah 1990), the plaintiffs were unable to bring their cause of action within the limitations period because "there was no evidence indicating that they should have pursued action which would have resulted in their discovery of" the claim. *O'Neal,* 821 P.2d at 1144 (discussing *Klinger*). The plaintiffs in *Klinger* did not "refrain from doing anything that might reasonably have been expected of them that could have disclosed" the facts necessary to bring their claim. 791 P.2d at 872. Finally, Plaintiffs' claim is also distinguishable from *Olsen v. Hooley,* 865 P.2d 1345 (Utah 1993), wherein the court applied the discovery rule to toll the statute of limitations because the plaintiff had repressed all memory of the operative facts. *See id.* at 1348–49. In *Olsen,* the court "emphasize[d] that [the] case involve[d] a plaintiff who allege[d] that she totally repressed her memory; it [did] not involve a plaintiff who remembered the abuse but did not realize until later that the abuse caused the psychological harm suffered." *Id.* at 1349.

### 4. Causal Connection Theory

¶ 29 Plaintiffs argue that they could not be expected to commence an action against Defendants until May 2002 because prior to that they had no factual basis for believing that Defendants were in complicity with Rapp, thereby causing their damages. Further, Plaintiffs argue that they did not make a connection between Defendants' allegedly tortious conduct and their damages until after they began their therapy sessions.

¶ 30 Plaintiffs acknowledge that "[n]o Utah court has ruled expressly on whether a failure to discover the factual basis establishing a causal connection until after the statute of limitations has run justifies applying the discovery rule." In support of their argument, Plaintiffs cite to *Foil v. Bal-*

*linger,* 601 P.2d 144 (Utah 1979), wherein the court stated, "We see no basis for making a legal distinction between having no knowledge of an injury . . . and no knowledge that a known injury was caused by unknown negligence." *Id.* at 148. As an initial matter, we determine that Plaintiffs' reliance on *Foil* is misplaced. The court in *Foil* addressed the narrow application of the statute of limitations in medical malpractice actions against health care providers under the Utah Health Care Malpractice Act and not the judicial discovery rule. *See id.* at 147–49. Furthermore, for the reasons stated above, we determine that Plaintiffs had sufficient facts to bring their cause of action within the limitation periods.

¶ 31 In *Whatcott v. Whatcott,* 790 P.2d 578 (Utah Ct.App.1990), the court declined to find exceptional circumstances justifying application of the discovery rule in a sexual abuse case because "the plaintiff was aware of the acts of abuse when he was eighteen." *Id.* at 580. The court added, "We see nothing in the record which prevented him from filing suit within the statutory period even if he was not fully aware of the harm arising from the abuse." *Id.* Similarly, as we mentioned above, when the court in *Olsen* applied the discovery rule, it "emphasize[d] that [the] case involve[d] a plaintiff who allege[d] that she totally repressed her memory; it [did] not involve a plaintiff who remembered the abuse but did not realize until later that the abuse caused the psychological harm suffered." 865 P.2d at 1349.

¶ 32 We conclude that Plaintiffs may not simply rest on facts sufficient to pursue their claims within the limitation periods while they wait for their damages to mount, as in this case, years after the limitation periods have run.

### B.  Clear and Convincing Evidence Theory

¶ 33 Plaintiffs ask this court to adopt the standard that claims that can be proven by clear and convincing evidence should prevent application of the statutes of limitation in child sexual assault cases. In support of this standard, Plaintiffs rely on a decision of the Nevada Supreme Court, *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18 (1990), wherein the court held that in Nevada "no existing statute of limitations applies to bar the action of an adult survivor of [childhood sexual abuse] when it is shown by clear and convincing evidence that the plaintiff has in fact been sexually abused during minority by the named defendant." *Id.* at 24–25 (footnote omitted). As can be seen from the foregoing analysis, this theory is inconsistent with Utah law and we decline to consider it. Further, we believe that adoption of such a standard is best left to the legislature. *See Avis v. Board of Review of the Indus. Comm'n,* 837 P.2d 584, 587 (Utah Ct.App. 1992) (observing that "[s]tate legislatures possess the discretion to enact statutes of limitations, and these statutes are presumptively constitutional").

### C.  Denial of Discovery

¶ 34 Plaintiffs assert that the trial court erred by dismissing their case because they were entitled to conduct discovery prior to dismissal. Plaintiffs argue that they were at a significant disadvantage without discovery because most of the information needed to prove their case against the Defendants is in the Defendant's exclusive possession. Plaintiffs rely on *Strand v. Associated Students of the University of Utah,* 561 P.2d 191 (Utah 1977), wherein the court determined that it was error for the trial court "to consider a motion to dismiss as a motion for summary judgment, without giving the adverse party an opportunity to present pertinent material." *Id.* at 193. The court determined that the plaintiffs in that case needed the " 'opportunity to produce evidence of the facts necessary to support the relief for which they ask[ed].' " *Id.* at 194 (quoting *Toebelman v. Missouri–Kansas Pipe Line Co.,* 130 F.2d 1016, 1022 (3d Cir.1942)).

¶ 35 We determine that *Strand* is distinguishable from the present matter. As we have explained above, we conclude that no amount of discovery would bring Plaintiffs' claim within the statutes of limitation. Based upon the undisputed facts in the record, the trial court was able to determine that Plaintiffs' claims were time-barred. Therefore, we conclude that it was not error for the court to grant summary judgment in

favor of Defendants without permitting Plaintiffs to conduct discovery.

### III. Application of Statutes of Limitation and Plaintiffs' Constitutional Rights

¶ 36 According to Plaintiffs, the trial court's application of the statutes of limitation violated their rights guaranteed by the open courts, due process, equal protection, and trial by jury provisions of the Utah and United States Constitutions. We conclude that Plaintiffs' constitutional rights were not violated under any of the constitutional provisions cited by Plaintiffs.

### A. Open Courts

¶ 37 According to Plaintiffs, they did not have any basis for suspecting they had a claim against Defendants before they learned that Defendants knew about Rapp and the threat he might pose; therefore, Plaintiffs could not have brought their claims within the limitations period. Plaintiffs argue that the statutes of limitation prevented them from approaching the courts with claims against the Defendants and thereby violated their right to open courts. "[A] statute of limitations is constitutionally sound if it should allow a reasonable, not unlimited, time in which to bring suit." *Avis*, 837 P.2d at 587 (alteration in original) (quotations and citation omitted). Moreover, "[w]hat shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of establishing the period of a legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice." *Id.* (quotations and citation omitted). The statutes of limitation applicable to the present matter did not in any way deny Plaintiffs justice because they allowed Plaintiffs a reasonable time in which they could bring their suit. As has already been explained, Plaintiffs were aware of their injury during the limitation periods and the relationship between Rapp and Defendants. Plaintiffs could have brought suit against Defendants before the expiration of the statutes of limitation. Therefore, we will not inquire into the wisdom of the limitation periods as established by the legislature. *See id.*

### B. Due Process and Equal Protection

¶ 38 Plaintiffs argue that application of the statutes of limitation in this case would be unconstitutional under the due process and equal protection clauses of the Utah and United States Constitutions because the statutes would not have uniform application and would require "that the Plaintiffs accomplish the impossible: bring a claim *before* they knew of their own injuries or the Defendants' likely participation therein." Further, Plaintiffs argue that summary disposition of their claims was inappropriate because the point at which they reasonably should have known that they suffered a legal injury is a question of fact. *See Hodges v. Howell*, 2000 UT App 171, ¶ 15 n. 3, 4 P.3d 803. As we explained above, Plaintiffs had sufficient knowledge of their injury during the limitation periods that they could have brought their claims before the statutes of limitation had run. Furthermore, the trial court was able to properly make this same conclusion in a summary disposition based solely upon the undisputed facts in the record. Therefore, we conclude that Plaintiffs' due process and equal protection rights have not been impinged.

### C. Trial by Jury

¶ 39 Plaintiffs argue that the trial court summarily determined material questions of fact and, in doing so, violated their right to present their case to a jury. Because the trial court was able to grant summary judgment in favor of Defendants based upon the undisputed material facts in the record, we conclude that Plaintiffs were not entitled to have their case tried before a jury.

### IV. Attorney Fees

¶ 40 Defendants Roman Catholic Bishop of Salt Lake City and Judge Memorial Catholic High School Board of Financial Trustees, in their motion for summary disposition, requested an award of attorney fees and costs against counsel for Plaintiffs because, in those Defendants' view, Plaintiffs' appeal was baseless. This request amounts to a claim under rule 33 of the Utah Rules of Appellate Procedure. Rule 33 provides that "a frivolous appeal, motion, brief, or other

paper is one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Utah R.App. P. 33(b). We conclude that Plaintiffs' appeal was not frivolous or unwarranted. As a result, we decline to award attorney fees in this matter.

## CONCLUSION

¶ 41 We conclude that Plaintiffs' claims are barred by the applicable statutes of limitation. Accordingly, the trial court's grant of summary judgment in favor of Defendants is affirmed.

¶ 42 WE CONCUR: NORMAN H. JACKSON and WILLIAM A. THORNE JR., Judges.